## THACHER et al. v. LOWE.

(District Court, S. D. New York. November 22, 1922.)

1. Internal revenue ⬤⇒7—"Business carried on for gain or profit."

In determining whether a business is carried on for gain or profit, which will render the expense of conducting it a proper deduction under Income Tax Act Oct. 3, 1913, § 2B, 38 Stat. 167, the relation of receipts to expenditures may determine the intention of the owner.

2. Internal revenue ⬤⇒7—Farm held not operated as a business for gain or profit.

A farm operated by a lawyer at his place of residence so far as shown at a heavy loss, held not a business carried on for gain or profit.

At Law. Action by Archibald G. Thacher and others, executors of the will of Julien T. Davies, deceased, against John Z. Lowe, Jr., ex-Collector of Internal Revenue. Judgment for defendant.

Davies, Auerbach & Cornell, of New York City, for plaintiffs.

Francis G. Caffey, U. S. Atty., of New York City, for defendant.

LEARNED HAND, District Judge. [1] The question in this case is a narrow one, and is merely whether the farm which Mr. Davies operated during his lifetime at his residence on Long Island was a "lawful business carried on for gain or profit." I have no doubt that a lawyer can operate a farm for profit. However unlikely it may be that he will succeed in the enterprise, the enterprise may in fact be intended as a business. But it is equally clear that a lawyer may run a farm merely as an adjunct to his country place, and between the two the test appears to me to be only of his actual intention. Moreover, in ascertaining that intention, I can see no escape from making the crux of the determination his receipts and expenditures.

[2] In this case we have only the evidence of two years during each of which the expenses of the farm were over $16,000, while there was an income in one year of only $1,100 and in another of $1,600. That is all we have to go on, and it is quite evident that in those two years not only was there no profit, but there was a very heavy loss. There is no suggestion that at any previous time Mr. Davies had made any money out of the farm. He lived off it in part, he and his family, by getting his supplies from it, and that is properly to be considered as a part of his profits. Still there is no evidence of the value of those supplies or that added to his returns they made the venture profitable. The plaintiff has the burden and it is difficult to imagine how a farm which has been running the number of years which this had could be thought capable of turning a deficiency of 90 per cent. into a profit.

This is a different case from Wilson v. Eisner (C. C. A.) 282 Fed. 38. There Mr. Wilson ran a racing stable in Kentucky, and he made

money on it for about a third of the time, though for two-thirds of the time he lost. The Circuit Court of Appeals said that, as he had sworn that he was running it as a business and in the hope of making money, the judge ought to have believed him and ought to have directed a verdict for him, corroborated as he was by the evidence of past years. In Plant v. Welsh (D. C.) 280 Fed. 722, Judge Thomas thought that Mr. Plant's farm, which was very like this farm, was a business. First, it appeared affirmatively that Mr. Plant had just begun the farm, and although it had not yet begun to be profitable he said that he expected to make it so. Hence Judge Thomas thought that he was already conducting it for "gain or profit." But the learned judge went on to say obiter, in addition, that he did not think because the farm was conducted only for the pleasure of the owner and as a part of his estate as a country gentleman it was any less a business.

With the utmost deference I cannot altogether agree with that statement. It does seem to me that if a man does not expect to make any gain or profit out of the management of the farm, it cannot be said to be a business for profit, and while I should be the last to say that the making of a profit was not in itself a pleasure, I hope I should also be one of those to agree there were other pleasures than making a profit. Indeed, it makes no difference whether a man is engaged in a business which gives him pleasure, if it be a business; that is irrelevant, as was said in Wilson v. Eisner. But it does make a difference whether the occupation which gives him pleasure can honestly be said to be carried on for profit. Unless you can find that element it is not within the statute, and I cannot see in this case even the first intimation of a reason to suppose that Mr. Davies in his lifetime carried on this farm with the hope of a profit, or that if he had not got anything else out of it, except the money which he did get he would have kept on.

I will therefore direct a verdict for the defendant.