THOMAS F. SHERIDAN, Petitioner, *v.* COMMISSIONER OF INTERNAL REVENUE, Respondent.

Docket No. 13698.     Decided September 30, 1926.

Losses sustained in farming, when engaged in as a business, are deductible.

*Thomas F. Sheridan, Esq.*, pro se.
*A. George Bouchard, Esq.*, for the respondent.

This is a proceeding for the redetermination of a deficiency in income tax for the year 1921 in the amount of $1,629.43. The question involved is whether or not the petitioner, in computing his net income for the year 1921, is entitled to deduct a loss sustained by him in that year from the operation of his farm.

### FINDINGS OF FACT.

Petitioner is an individual residing at Red Hill Farm which is situated near the town of Moultonboro, N. H. Petitioner formerly practiced law in Chicago, Ill., for a period of approximately forty years. Being a victim of hay fever, the petitioner decided to purchase a farm in New Hampshire, where he would be relieved from the severity of his ailment, and in 1907 he purchased the Red Hill Farm. Since the purchase of Red Hill Farm petitioner and his wife have made the farm their permanent home. His original intention in purchasing the farm was for the reason aforesaid, but, after a short residence on the farm, he decided to put the same on a commercial basis, for profit, and in 1910 he employed, and has had in his employ continually thereafter, a capable and practical farm superintendent. The farm superintendent, with the active assistance and advice of the petitioner, stocked the farm with Jersey cattle and planted the necessary crops for feeding purposes. It became apparent in 1917 that Jersey cattle could not be profitably raised in New Hampshire and petitioner changed over to Guernsey cattle. The operations of the farm during the year 1921 consisted of mixed farming, with the principal purpose in view of raising pure-bred

Guernsey cattle for sale. A large quantity of butter was also sold during the year. There were from 21 to 48 pure-bred Guernsey cattle on the farm during the year 1921. Hogs and chickens were also raised and sold in the market. The farm is completely equipped with a farmhouse, hay, feed, cow and calf barns, tool houses and tool sheds. Petitioner was in charge of and constantly consulted by the farm superintendent as to the purchase and sale of cattle, crops to be planted, and all matters having to do with the expansion and improvement of the farm. One intention of the petitioner was to so profitably and efficiently operate his farm that same might serve as an incentive to better farming and better stock-raising in the State of New Hampshire. The wife of the petitioner has resided at the farm since its purchase in 1907, performing the domestic duties about the farmhouse, employing no outside help except the wife of the superintendent, and has charge of the raising of chickens. Accurate and detailed records are maintained of all receipts and disbursements. Petitioner realized during the year 1921 from the sale of cows, calves, hogs, chickens, eggs, butter and maple syrup, the sum of $3,622.64, and the expenses of the farm during the year 1921 were $14,746.46. The farm was operated at a loss during the years prior to 1921, but diversification of crops and other economies have caused the losses to decrease for the years subsequent to 1921. The farm was not used as a place of entertainment or amusement.

### OPINION.

MILLIKEN: Section 214 of the Revenue Act of 1921 enumerates the deductions allowed individuals in computing net income and provides in paragraph (4) for the deduction of losses sustained during the taxable year and not compensated for by insurance or otherwise *if incurred in a trade or business*. There is no dispute that the petitioner suffered a loss of $11,123.82 during the year 1921 in the operation of Red Hill Farm, but the controversy relates to whether the petitioner operated the farm during the year 1921 as a business for profit or merely for recreation or pleasure.

In the Corporation Tax Case (*Flint v. Stone Tracy Co.*, 220 U. S. 107) the Supreme Court has defined business as follows:

"Business" is a very comprehensive term and embraces everything about which a person can be employed. Black's Law Dict., 158. * * * "That which occupies the time, attention and labor of men for the purpose of a livelihood or profit." Bouvier's Law Dictionary, Vol. 1, p. 273.

This definition is also followed in the later case of *Von Baumbach v. Sargent Land Co.*, 242 U. S. 503, 515.

It seems to us that the essentials of business are present in the enterprise carried on by this petitioner. The place of the business

was the Red Hill Farm, consisting of some 800 acres, completely equipped with farmhouses, barns, tools and equipment; stocked with pure-bred Guernsey cattle; crops grown to supply feed for the cattle; cattle, hogs and chickens raised for sale, and a competent farm superintendent, together with laborers, to manage and care for the farm. The petitioner and his wife made the farm their place of permanent residence and received income from the sale of the products of the farm. The petitioner gave his personal attention to the supervision of the farm and its expansion and development. That farming is an enterprise that may be entered into as a business for profit is not open to question. The thoroughness with which the petitioner entered into the enterprise convinces us that he entered into it as a business for profit, and, such being the case, the losses which he sustained are allowable deductions in computing net income to the same extent that losses are allowable deductions in other businesses.

Counsel for the respondent has emphasized the fact that the petitioner conducted his farm at a loss for the years prior to the year 1921, and cites the case of *Thacher* v. *Lowe*, 288 Fed. 994, in support of the proposition that the relation of receipts to expenditures may determine the intent of the petitioner. We are of the opinion that the relation of receipts to expenditures may be an evidentiary fact to be taken into consideration, but the inference to be drawn therefrom may be overcome by the sworn testimony of the petitioner as to his intent, and the facts of record heretofore related, which may and do in this case corroborate the intent of the petitioner·to engage in farming as a business for profit.

Petitioner did not occupy the role of a theoretical farmer. He gave his time and attention to it—every important step that was taken, the planting and diversification of crops and the cattle to be bred or sold, were all the subject of his personal supervision. His wife performed the duties of a farmer's wife in truth and in fact, doing her own domestic work without outside assistance, and personally attending to the raising of the chickens. The farmhouse was not equipped for, nor was it used as a place of entertainment of guests or for pleasure. Frugality and close attention to the farm duties were practiced by the petitioner and the fact that losses occurred can be attributed to the fact that the farm was gradually being placed on a sound basis. Petitioner testified that losses in years subsequent to 1921 were being reduced so that the farm would soon be placed on a paying basis.

In the case of *Plant* v. *Walsh*, 280 Fed. 722, Judge Thomas considered the fact of a taxpayer engaging in farming with resultant heavy losses and stated:

I think, however, that the evidence establishes clearly that Mr. Plant's farm was conducted as a business enterprise and with the expectation that it would

eventually become profitable. The mere fact that a heavy loss was incurred in the initial stages of so large an enterprise does not necessarily show the contrary. But, even though this is not so, I do not believe that farming, when engaged in as a regular occupation and in accordance with recognized business principles and practices, is any the less a business within the meaning of the statute, because the person engaging in it is willing to do so without regard to its profitableness, because of the pleasure derived from it.

It has been suggested that the petitioner operated the farm for pleasure or as a hobby. We have no doubt that the petitioner has a fondness for farming and derives pleasure from his undertaking. But this can not change the character of his undertaking from a business carried on for profit to one carried on for pleasure or recreation. The Circuit Court of Appeals for the Second Circuit, in the case of *Wilson* v. *Eisner*, 282 Fed. 38, had before it somewhat the same question and held that the pleasure or fondness which one may have for the enterprise entered into does not destroy the business aspect of the enterprise.

*Judgment for the petitioner.*