*1238 OPINION.
Seawell:
The issue is whether claimed deductions, designated losses and representing expenses incurred and paid by the petitioner during the taxable year in the operation of the Valley Ridge Farm, constituted ordinary and necessary expenses in carrying on a trade or business, within the meaning of the Revenue Act of 1921.
Section 214 (a) of said Act, provides:
That in computing net income there shall be allowed as deductions:
(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; * * *
* * * * * * *
(3) Taxes paid or accrued within the taxable year, except * * *
(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in trade or business.
There is no question as to the amount or character of the gross income nor as to the amounts incurred and paid in the operation of the farm and maintenance of the trust estate.
The petitioner alleges that, in its capacity as trustee, it was in the taxable year engaged in carrying on a trade or business, to wit, the business of operating the Valley Ridge Farm.
The answer of the Commissioner denies this and also denies that the losses sustained ,in the operation of the farm are deductible from the income or other assets of the trust estate.
It, therefore, becomes material to ascertain whether the trustee was, in fact, operating the Valley Ridge Farm as a business.
The trust agreement specifically requires the trustee to pay “ all expenses of operating the Valley Ridge Farm.” Ordinarily a farm is a business and when so conducted in reality all the “ ordinary and necessary expenses paid or incurred ” therefor are deductible from the gross income in computing net income under the statute. Was the Valley Ridge Farm so conducted as a business? The petitioner says it was; the respondent says it was not. The burden of proof is on the petitioner. Rule 30; Alfred M. Bedell, 9 B. T. A. 270.
*1239 There is nothing in the terms of the trust agreement indicating that the farm should be operated on a commercial basis, except the fact that the enterprise is called a farm. Neither is there evidence that the farm was operated as a business for profit. The stipulated facts rather indicate that the 500 acres of land were kept as a country estate, a place of rest and recreation and amusement for the beneficial owners. The fact that, while occupying the premises without rental charge to them, the children of the settlor should, under the terms of the trust, personally pay their own servant hire and house-supply bills, does not change the indicated situation.
In Thacker v. Lowe, 288 Fed. 994, it was held that unless it was found from the evidence that the farm there in question was operated for “ profit,” rather than “ conducted only for the pleasure of the owner and as a part of the estate of a country gentleman,” it should be held that the farm was not conducted as a business. The fact that the owner may receive pleasure from the operation of a farm makes no difference if it is, in fact, operated as a business. The fact that a profit is not realized makes no difference if the operation is on commercial lines and the element of intended profit is present.
In the operation of the Valley Ridge Farm for the taxable year the gross income.appears from the stipulation, and our findings of fact in accordance therewith, to have been the sum of $2,676.62, while the expenditures for the same period amounted to $42,129.68, a net loss of $39,453.06.
It is said that the relation of receipts to expenditures, in an enterprise such as is here in question, may not determine intent, but that such a relationship may be an evidentiary fact to be taken into consideration in arriving at what the intent is, whether to engage in a business or to pursue a pleasure. Thomas F. Sheridan, 4 B. T. A. 1289, 1301. See also Wilson v. Eisner, 282 Fed. 38.
The large unitemized accounts for hired help and miscellaneous expenses arouse a suspicion, at least, of walks and grounds, perennial flowers, lawns, sequestered nooks and sheltered groves about the dwelling provided without rental to the children, and of tennis courts, all kept and dressed by workmen trained for the purpose and under continuous pay. Such expenditures, made for personal or family use and benefit, are expressly not deductible. Section 215 (a) (1) and (2), Revenue Act of 1921.
In cases heretofore coming before the Board involving the matter here in controversy, there has usually been offered evidence of the taxpayer, or others cognizant of the facts, that the enterprise, although showing a loss, has been, in fact, operated with a hope of profit and as a business with that end in view. The petitioner here fails to offer such evidence or to secure a stipulation of facts *1240 from which we can ascertain the real purpose in setting np the farm for operation under the trust. Neither are the large expenditures claimed as deductions from gross income shown to be ordinary and necessary expenses incurred in the operation of the business, even if the farming were conducted as a business.
We, therefore, conclude that the petitioner has not shown itself entitled to the deductions claimed, except as to the item for taxes paid by it. By section 214 (a) (3), taxes are expressly allowed as a deduction.
Reviewed by the Board.

Judgment will be entered wider Rule 50.