**CHALONER v. HELVERING, Commissioner of Internal Revenue.**

**No. 5944.**

Court of Appeals of the District of Columbia.

Argued Jan. 10, 1934.

Decided Feb. 5, 1934.

A. K. Shipe, of Washington, D. C., for appellant.

Sewall Key, J. Louis Monarch, C. M. Charest, Shelby S. Faulkner, James K. Polk, Jr., John H. McEvers, Walter L. Barlow, E. Barrett Prettyman, and Harold F. Noneman, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

PER CURIAM.

This case is brought here by petition from a decision of the Board of Tax Appeals denying him relief from deficiencies in income taxes found for the years 1924, 1925, 1926, and 1927.

The deductions claimed by the petitioner were for amounts alleged to have been expended by him in the years in question in writing and publishing certain books, as losses sustained in carrying on a trade or business within the provisions of section 214 of the Revenue Act of 1924, 43 Stat. 253 (26 USCA § 955 and note).

The claim of petitioner was disallowed on the ground that the evidence was insufficient to establish that the losses claimed came within the provisions of the statute. The record discloses that petitioner is an independently wealthy man, who for twenty years indulged his hobby of writing books without realizing any income therefrom. The only thing he has to show for his work is a warehouse full of books. Though he put some books on sale in Richmond, New York, and London, the amount realized from the sales amounted to practically nothing. Petitioner testified that he wrote and published a book during 1924, but that he wrote none after that date, and that no publishing was done in 1926. This, we think, justifies the deduction that he neither wrote nor published any books subsequent to 1924. He claims a deduction of an average of $8,000 for the salary paid each of his secretaries. The record is silent as to the services performed and the qualifications of his secretaries.

A business, under the statute, is defined by the Supreme Court as "That which occupies the time, attention, and labor of men for the purpose of a livelihood or profit." Flint v. Stone Tracy Co., 220 U. S. 107, 171, 31 S. Ct. 342, 357, 55 L. Ed. 389, Ann. Cas. 1912B, 1312. In Deering v. Blair, 57 App. D. C. 367, 23 F.(2d) 975, 976, this court stated the rule as follows: "An occupation or employment will not be excluded from the classification of business merely because it actually results in loss instead of profit; but it is essential that livelihood or profit be at least one of the purposes for which the employment is pursued."

From the facts in this case it does not sufficiently appear that petitioner's activities as a writer and publisher of books were conducted during the taxable years involved either for a livelihood or for profit, and consequently did not constitute a trade or business within the terms of the Revenue Act.

The conclusion reached by the Board is correct, and is affirmed.