HAROLD T. AVERY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 107836.  Promulgated August 13, 1942.

*R. E. Brotherton, Esq.*, for the petitioner.
*Arthur L. Murray, Esq.*, for the respondent.

OPINION.

ARNOLD: The question involved is whether the gain of $4,500 and $3,300 realized by petitioner in 1938 and 1939, respectively, from the sale of Patent No. 1,910,738 in 1935 is taxable as long-term capital gain to the extent of 50 percent, as contended by petitioner, or as ordinary gain in its entirety, as contended by respondent. The amount of the gain is not in dispute.

Section 117 (a) (1) of the Revenue Act of 1938 provides in part as follows:

\* \* \* The term "capital assets" means property held by the taxpayer (whether or not connected with his trade or business), but does not include \* \* \* property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business \* \* \*.

It is contended by respondent that the petitioner was engaged outside of his regular hours of employment in the business of inventing and selling and licensing of patents obtained by him, and that the inventions and patents which he was not contractually obligated to transfer to his employer constituted property held by him "primarily for sale to customers in the ordinary course of his trade or business."

Whether the petitioner was engaged in a trade or business requires examination of the facts in each case. *Higgins* v. *Commissioner*, 312 U. S. 212. Upon the facts of record we have found that the petitioner was engaged in business and that the patent sold in 1935 was property held by him primarily for sale to customers in the ordinary course of his business. The petitioner testified that his interest in mechanical items had been his principal hobby, practically his sole hobby, over a period of a good many years. In our opinion what may have been a hobby developed into a business enterprise. The pleasure or recreation derived from an undertaking can not change its character from a business to that of one for pleasure and recreation. *Thomas F. Sheridan*, 4 B. T. A. 1299. Whether an undertaking is carried on for pleasure and recreation or as a business is largely a matter of intent. *Edwin S. George*, 22 B. T. A. 189, 195. Intent "is to be gleaned from all the facts and the normal and reasonable inference therefrom." *Charles E. Mitchell*, 32 B. T. A. 1093, 1129. The petitioner over a period of about seventeen years procured about twelve patents covering his inventions. If pleasure was the only incentive and recompense sought by the petitioner in developing his mechanical ideas, there was no necessity to go to the trouble and expense of

procuring patents. He sold three of his inventions, including the one sold in 1935 in which his employer company had had certain rights prior to the sale to it of the patent covering it. He also granted to other companies certain rights in two other patents. He, therefore, disposed of five patents or rights therein, or about half of the patents procured by him. The evidence fails to disclose the consideration received by petitioner from the disposition of three of the five patents or rights therein, but presumably he did not transfer or assign such patents or rights therein without some monetary consideration. The sale in 1935 was not an isolated transaction.

The primary use to petitioner of the appliances and devices developed by his creative genius and the patents issued thereon was the gain to be derived from the sale or other disposition of the patents to persons or corporations to whom they were of beneficial use. What may have been a hobby originally became a trade or business when he held the patents for sale or license to others for profit. We think it is immaterial that he created no new devices or received no new patents in the year he sold the patent to the Marchant Co. Until disposed of his patents were held primarily for sale or other disposition to customers and this situation was not different during the taxable year. He not only hoped to but did realize gains or profits from his activity as an inventor and the sale or licensing of patents on devices invented by him.

While the petitioner may not have been particularly active in trying to make money out of his patents, as testified by him, his testimony discloses that he endeavored to keep acquainted with the persons who were working along lines similar to his own and informed them what he was doing since out of such acquaintances "sometimes something develops." In any event his activity in this regard was not only sufficiently effective to obtain purchasers or licensees for five of his twelve patents but also led to his employment by the Marchant Co. Under the circumstances any person thus found who bought petitioner's patents or acquired rights therein is a customer, as that term is ordinarily understood. *Charles H. Black, Sr.*, 45 B. T. A. 204, 210.

The action of respondent in treating as ordinary gains the amounts of $4,500 and $3,300 reported in 1938 and 1939, respectively, by petitioner as profits realized by him on the sale of Patent No. 1,910,738 is approved.

*Decision will be entered for the respondent.*