HENRY P. WHITE AND NANCY A. WHITE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 44257. Filed October 19, 1954.

*William P. Clyne, Esq.,* for the petitioners.
*James F. Kennedy, Jr., Esq.,* for the respondent.

## OPINION.

OPPER, *Judge:* Whether the amounts presently in controversy are claimed as "losses" or as ordinary and necessary business expenses, the

existence of a profit motive on the part of petitioner is requisite.[1] The principle which we are now required to apply has been aptly stated by Judge Learned Hand sitting as a District Judge in *Thacher* v. *Lowe*, (S. D., N. Y.) 288 F. 994, 995:

It does seem to me that if a man does not expect to make any gain or profit * * * it cannot be said to be a business for profit, and while I should be the last to say that the making of a profit was not in itself a pleasure, I hope I should also be one of those to agree there were other pleasures than making a profit. * * * it does make a difference whether the occupation which gives him pleasure can honestly be said to be carried on for profit. Unless you can find that element it is not within the statute, * * *

Nor do we think it necessary that "pleasure" be equated with idleness or that financial return is the indispensable equivalent of public benefit. The gratification derived from an occupation worth doing, possibly beneficial to others and probably requiring long hours of arduous labor, must still not be confused with an intention to return a profit. We find no evidence here that petitioner did, or could in good faith, have had such an intention during the years in dispute.

Petitioner's independent wealth, the long history of losses,[2] and the entire disproportion of receipts to expenditures[3] may not singly and individually be conclusive. But when considered together and coupled with the necessity of overcoming the burden of proof imposed upon petitioner, they lead us to the conclusion that as of the tax years before us, anyone of his intelligence, education, and ability, with knowledge of the facts, could not in good faith reasonably have expected or intended to operate his ballistics laboratory profitably.

Such statements as the following from petitioners' brief are thus wide of the mark: "We * * * know the value of research and the many benefits that result from it." It may readily be granted that petitioner's work has been useful and perhaps unique; that he has rendered service not only to industrial producers but to local and even Federal Government.

But when over a period of some 12 years the expenses of operation always exceeded the financial return, when in the period here involved the proportion of cost to income averaged in the neighborhood of 12

[1] "* * * An occupation or employment will not be excluded from the classification of business merely because it actually results in loss instead of profit; but it is essential that livelihood or profit be at least one of the purposes for which the employment is pursued, * * *." *Deering* v. *Blair*, (C. A., D. C. Cir.) 23 F. 2d 975, 976. See also *Chaloner* v. *Helvering*, (C. A., D. C. Cir.) 69 F. 2d 571, 572.

[2] "* * * It would be specious to say that a vain hope that on some remote day a profit may result is enough to give the operation * * * the character of trade or business. It is far different from saying, as the Board and the courts have in other cases, that the fact of a loss does not deprive a business enterprise of its character as a business. * * *." *Louise Cheney*, 22 B. T. A. 672, 674.

[3] "* * * But if the gross receipts from an enterprise are practically negligible in comparison with expenditures over a long period of time it may be a compelling inference that the taxpayer's real motives were those of personal pleasure as distinct from a business venture, * * *." *Cecil* v. *Commissioner*, (C. A. 4) 100 F. 2d 896, 899.

to 1, when we know from the record that even in a subsequent year there was not only no profit but even an increased loss, it strains the credulity to conclude that the purpose of these activities was to earn money as contrasted with performing a public service.

Paraphrasing *Louise Cheney*, 22 B. T. A. 672, 674, petitioner's intention was not to run a business or make a profit but to obtain the personal gratification of fulfilling a recognized need. Petitioner is to be commended for the devotion of his time and effort in a worthwhile endeavor. But this does not supply the missing element of profit motive.

This disposition renders unnecessary any consideration of respondent's alternative contention that the expenses must, in any event, be disallowed because to some undisclosed extent they resulted in the acquisition of capital assets.

*Decision will be entered for the respondent.*

