THOMAS T. DYER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dyer v. Commissioner
Docket No. 11207-79.
United States Tax Court
T.C. Memo 1983-628; 1983 Tax Ct. Memo LEXIS 154; 47 T.C.M. (CCH) 17; T.C.M. (RIA) 83628; October 12, 1983; As Amended October 13, 1983 Thomas T. Dyer, pro se. Linda J. Wise, for the respondent. SHIELDS
MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, Judge: Respondent determined deficiencies in petitioner's *155 income tax in the amounts of $1,561.21 for 1976 and $1,177.00 for 1977. The deficiencies resulted from the disallowance of expenses in excess of rental income claimed by the petitioner in connection with property petitioner rented to his parents. Due to concessions by the petitioner, the sole issue for our decision is whether the deduction of petitioner's expenses is subject to the limitations of section 183. [1]
FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and the exhibits attached thereto are incorporated herein by reference. Petitioner, Thomas T. Dyer, filed individual tax returns for 1976 and 1977 with the Internal Revenue Service Center in Chamblee, Georgia. He resided in Tuscaloosa, Alabama, at the time his petition was filed. From 1976 and until March of 1977, petitioner was employed on the Alaska Pipeline Project at a substantial salary. During 1976 he consulted with his father about his tax liabilities and the possibility of investing in real property. *156 He also discussed investments with his grandfather, Ira M. Terry. As a result, Mr. and Mrs. Terry transferred to petitioner residential property located at 1505 Glenwood Drive, Huntsville, Alabama by gift deed dated July 16, 1976. Mr. Terry rented the Glenwood property to petitioner's parents for $175 per month prior to the time he transferred the property to petitioner. After the transfer petitioner continued to rent the property to his parents for the same monthly rental. Although petitioner did discuss increasing the monthly rental with his father on at least one occasion, the rental remained unchanged. Petitioner reported rental income for the years in issue as follows: Year
Amount
1976
$875.00
1977
1,200.00
Petitioner claimed expenses and depreciation on the property as follows: 1976
1977
Depreciation
$ 593.02
$1,516.00
Insurance
140.00
Taxes
225.72
256.50
Office Supplies
68.40
Repair & Maintenance
1,145.00
paint & repair living room
193.70
plumbing repair
96.74
retaining wall
2,030.00
Travel Expense
748.50
Safe Deposit Box
15.00
$3,902.68
$3,125.90
The property consists of a lot on which is *157 situated a three bedroom house with two baths and a carport. Petitioner testified that he stored his personal belongings in one bedroom and stored his automobile in the carport. Petitioner's parents received petitioner's mail at the rental property, made bank deposits for petitioner, and supervised repairs on the house. Petitioner felt that these services were of value to him, but was unable to assign a dollar amount to such value. Petitioner's father, an attorney, testified that during 1976 and 1977 the property had a value of between $40,000 and $45,000 and that $200 per month was its fair rental value. [2] Petitioner's father did not indicate how he arrived at such value. Respondent's witness, Richard F. Farmer, Jr., a well-qualified expert in the field, testified that during the years in issue, the fair rental value of the property was $350 per month. He based his opinion upon comparable rentals, the square footage of the house, and the condition of the premises and of the area in which the property was located. *158 Although petitioner listed the property for sale with a realtor for a 90 day period, he made no attempt to rent the premises for a higher rental rate. Petitioner's goal was to dispose of the property for a profit at some indefinite time in the future. ULTIMATE FINDINGS OF FACT During 1976 and 1977 the fair rental value of the Glenwood property was $350 per month. The activity of the petitioner with respect to the property during such years did not constitute an activity engaged in for profit. OPINION Petitioner contends that he entered into the rental activity to make a profit and is therefore entitled to deduct all ordinary and necessary expenses incurred in connection with the activity as provided by section 212. Respondent argues that petitioner rented the premises to his parents for less than its fair rental value, therefore, the rental activity was not an activity engaged in for profit and the deductions are subject to the limitations of section 183. 2a
Section 212 permits the deduction of all ordinary and necessary *159 expenses incurred for the production or collection of income and for the management, conservation, or maintenance of property held for the production of income. Section 183, however, limits the deduction of expenses incurred in connection with any "activity not engaged in for profit" to the extent of the gross income derived from the activity. The legislative history of section 183 indicates that one of the motivating factors behind its passage was Congress' desire to deny business deductions in excess of income to taxpayers engaged in an activity for the purpose of creating and utilizing losses to offset income from other sources. S. Rept. No. 91-552, 1969-3 C.B. 423. In determining whether an activity is one engaged in for profit within the meaning of section 183, our ultimate goal is to determine whether the taxpayer engaged in the activity with an actual and honest profit objective. Dreicer v. Commissioner,78 T.C. 642 (1982), affd. 702 F.2d 1205 (D.C. Cir. 1983). The determination is to be made by taking into account all the facts and circumstances involved. Sec. 1.183-2(b), Income Tax Regs. The burden of proof is on the petitioner. *160 Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). [3]
The manner in which the activity is carried on has strong probative value. Sec. 1.183-2(b)(1), Income Tax Regs. In this case the petitioner did not rent the house for its fair rental value nor did he even attempt to ascertain that value. Petitioner argues that he rented the property to his parents for its fair rental value, $175 per month, but respondent's expert testified and we have found that the fair rental value of the property during 1976 and 1977 was $350 per month. We have previously held that the acceptance of rent at an amount substantially below fair rental value is a clear indication that a taxpayer's primary and dominant motivation is not to make a profit. Jasionowski v. Commissioner,66 T.C. 312, 322 (1976), citing White v. Commissioner,23 T.C. 90 (1954). [4] If petitioner's objective was profit, he would certainly have tried to maximize that profit by renting at the highest possible price. [5]Sec. 1.183-2(b)(1), Income Tax Regs.
*161 In addition to his failure to rent the property at its value, and in further support of our conclusion, the petitioner in this case failed to keep accurate business records;failed to seek business advice from qualified and unrelated third-parties; and finally, showed a loss on the property in 1976 and 1977 and very little profit in the following three years. [6] We recognize that petitioner hoped to realize a gain on the sale of the property, but the mere anticipation of eventually selling the property at a profit is not sufficient proof that the rental activity was engaged in for profit. Jasionowski v. Commissioner,supra at 323. [7]
We have found that petitioner did not engage in the rental activity for a profit. Therefore, the deduction allowance *162 rules of section 183(b) apply. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect, during the years in issue unless otherwise indicated.↩
2. Petitioner also introduced newspaper advertisements for rental property in the Huntsville area during the period in question. However, the newspaper advertisements are evidence of the requested rental rate not the actual rental rate paid. Dallas County v. Commercial Union Assurance Co.,286 F.2d 388↩ (5th Cir. 1961); 2 Jones on Evidence, secs. 12:29; 12:30 (S. Gard, 6th ed. 1972). Even if these rental quotations were relevant, they do not support the petitioner's position. The alleged comparable rentals were, by and large, greater than $175 per month.
2a. No contention has been raised concerning the applicability of Section 280A. See Gilchrist v. Commissioner,T.C. Memo. 1983-288↩.
3. All rule references are to the Tax Court Rules of Practice and Procedure.↩
4. See also Eisenstein v. Commissioner,T.C. Memo. 1978-95↩. 5. The fact that the petitioner may have used one room and the carport for storage does not in our opinion justify a 50% reduction in the fair rental value or affect out ultimate conclusion.↩
6. Respondent points out that petitioner generated an artificial profit in 1979 by failing to deduct property tax and in 1980 by failing to deduct property tax and insurance. Creation of such an artificial profit tends to adversely influence the question of profit motive. See Brown v. Commissioner,T.C. Memo. 1977-15↩. 7. See also Lindow v. Commissioner,T.C. Memo. 1978-301↩.