HUGENIA S. DOGGETT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 46036. Promulgated June 17, 1931.

*Eli D. Felsenthal, Esq.*, for the petitioner.
*C. H. Curl, Esq.*, for the respondent.

OPINION.

McMahon: The question to be decided in the instant proceeding is whether the activities of the petitioner in the year 1926 in publishing and advertising the works of Joanna Southcott constituted a " business " so that any expenses incurred therein are deductible as ordinary and necessary business expenses within the meaning of the revenue acts.

In *Flint* v. *Stone Tracy Co.*, 220 U. S. 107, the Supreme Court said:

" Business " is a very comprehensive term and embraces everything about which a person can be employed * * * " That which occupies the time, attention and labor of man for the purpose of a livelihood or profit." Bouvier's Law Dict., page 273.

It is clear that the petitioner in the instant proceeding did not carry on the activities for the purpose of a livelihood. The only question then is as to whether her purpose was to make a profit.

In the case of *Thacher* v. *Lowe*, 288 Fed. 994, the plaintiff was a lawyer who also did farming. The court held that his farming activities did not constitute a business. For the two years in question the evidence showed that the expenses of the farm were over $16,000, while the income was a little more than $1,000 each year. The court said in that case:

* * * It does seem to me that if a man does not expect to make any gain or profit out of the management of the farm, it cannot be said to be a business for profit, and while I should be the last to say that the making of a profit was not in itself a pleasure, I hope I should also be one of those to agree there were other pleasures than making a profit. Indeed, it makes no difference whether a man is engaged in a business which gives him pleasure, if it be a business; that is irrelevant, as was said in *Wilson* v. *Eisner*. But it does make a difference whether the occupation which gives him pleasure can *honestly be said to be carried on for profit*. Unless you can find that element it is not within the statute, and I cannot see in this case even the first intimation of a reason to *suppose that Mr. Davies in his lifetime carried on this farm with the hope of a profit*, or that if he had not got anything else out of it except the money which he did get he would have kept on. [Italics ours.]

In the case of *Deering* v. *Blair*, 23 Fed. (2d) 975, where the taxpayer resided in New York and was occupied with financial affairs there, but maintained a farm where horses were bred, it was held that his farming activities did not constitute a business, in view of the fact that the farm was operated over a long period of time, i. e., about 20 years, at a loss.

The fact that the petitioner had carried on this work for about 10 years and had derived only an inconsiderable amount of gross income therefrom, while expending large amounts in the work, brings the instant proceeding within the ambit of the two cases just above cited.

The petitioner cites the cases of *Plant* v. *Walsh*, 280 Fed. 724; *Wilson* v. *Eisner*, 282 Fed. 38; and *George D. Widener et al.*, 8 B. T. A. 651; affirmed in *Commissioner* v. *Widener*, 33 Fed. (2d) 833.

In these cases relied upon by the petitioner, while the parties were carrying on occupations at a loss, it was clear that there was some chance of a profit and a reasonable expectancy thereof. We are of the opinion that in order for an occupation to constitute a "business" within the meaning of the definition given by the Supreme Court, it must not only be entered into for profit, but that there must be a reasonable expectation of making a profit within a reasonable time. In the instant proceeding it appears from the testimony of petitioner that she did not expect to realize any considerable profit until the opening of the ark and that this depended upon events beyond petitioner's control. There is no evidence to show that any profit could be reasonably expected during petitioner's lifetime. These factors distinguish this case from the cases relied upon by the petitioner. Petitioner's expectation of profit was too uncertain, too fanciful, too remote and too unreasonable to bring the petitioner's activities within the definition of "business" as laid down by the Supreme Court.

We have not overlooked the testimony of petitioner and her assistant, which is not disputed, to the effect that she intended to make the publication of these works her business and expected to derive a profit therefrom. In our view that testimony can be readily reconciled with the conclusion we have reached. As heretofore indicated, it requires more than a mere intention or expectation of profit to establish that a person is actually engaged in "business."

We therefore hold that the petitioner was not engaged in a business and that she is not entitled to any of the claimed deductions.

Reviewed by the Board.

*Judgment will be entered for the respondent.*