DOGGETT v. BURNET, Commissioner of Internal Revenue.

No. 5603.

Court of Appeals of the District of Columbia.
Argued Feb. 9, 1933.
Decided April 10, 1933.

Clarence N. Goodwin, of Chicago, Ill., for appellant.

G. A. Youngquist, Sewall Key, C. M. Charest, and C. H. Curl, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

Hugenia S. Doggett filed her income tax return for the year 1926 with the collector of internal revenue at Los Angeles, Cal. The Commissioner determined a deficiency in her income tax for that year in the amount of $15,097.88, which was affirmed by the Board of Tax Appeals. The case comes here on appellant's petition for review.

It appears that in 1911 appellant went to England, and for a time performed social service work under the direction of the bishop of England. While there she became interested in the writings and teachings of Jo-

anna Southcott, a religious teacher and prophetess, who died in 1814. Appellant read the sixty-five works of Joanna Southcott which were in the British library. The remaining works of Joanna Southcott are supposed to be sealed in an ark in the custody of the British Parliament, and her followers believe that the ark will be opened by the twenty-four bishops of the House of Lords. The ark was to be opened in 1914, or whenever the nation's troubles demanded that it be opened.

In 1917 appellant returned to this country and arranged in San Diego, Cal., for the publication of the works of Joanna Southcott. She undertook this enterprise for the benefit, as she alleges, of the American people, and also with the expectation of deriving a large profit from the sale of the books after the ark is opened. She expected, however, a limited profit from the sale of the books before the opening of the ark.

From 1917 to the present time appellant has devoted her time to the work of printing the books and advertising the sale of them. She advertised in newspapers and magazines and carried banners on the rear and sides of her automobile. She has expended approximately $38,000 on printing and advertising. The sale of the books has been limited, and about 200,000 are stored in San Diego. From the selling price of the books she would realize from 100 per cent. to 200 per cent. more than the cost. The works of Joanna Southcott have been translated into Spanish, French, and Hungarian, and are read by her followers in the United States, England, and in other countries. There are about 50,000 of her followers in the United States.

Appellant was assisted in her work by one Percy Granger Smith, who looked after the printing of the books, helped the petitioner with proof reading and with advertising. During the year in question, 1926, Smith devoted all his time to assisting the appellant in the dissemination of handbills, and the advertising of these publications. Smith had been an evangelist, and seems to have been a competent man in conducting the advertising business. Smith's compensation was estimated at $30 a week, but, instead of paying a direct salary, appellant furnished him with board and lodging and expenses, and claimed a deduction on this account of $1,500, which deduction was among the items disallowed by the Commissioner.

During the year 1926 appellant, in com-

pany with Smith, spent almost the entire year in traveling in an automobile, distributing handbills, and advertising the publications. They distributed approximately 150,000 handbills. They kept no accurate account of expenses, but estimated the expenses at $10 a day. They attended an Episcopal convention in New Orleans in an effort to get the convention to petition Parliament to open the ark containing the Southcott writings. In all they traveled 23,000 miles, making speeches, and distributing pamphlets in cities, towns, and villages through which they traveled. For this expense she deducted $3,650, which was disallowed.

It is contended by appellant that the deductions were proper as expenses incurred in conducting and carrying on a legitimate business. The Board denied her claim, holding that the enterprise did not constitute a business within the contemplation of the Revenue Act. The deductions are claimed under the provisions of section 214(a) (1) of the Revenue Act of 1926, 44 Stat. 9, 26 (26 USCA § 955(a) (1), as follows: "In computing net income there shall be allowed as deductions: (1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; and rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity."

"Business," within the contemplation of the law, is a word of large and indefinite import—one which is incapable of definite limited definition. It is defined by Bouvier, Rawles 3d, Rev. 406, as "that which occupies the time, attention, and labor of men for the purpose of livelihood or profit, but it is not necessary that it should be the sole occupation or employment. It embraces everything about which a person can be employed."

██ The Board, in its decision, denied the deduction on the ground that appellant has failed to show that the alleged business of publishing and marketing the books of Joanna Southcott has been profitable, or that there is prospect that it will be profitable. We think this is too severe a limitation to be placed upon the determination of what con-

stitutes a business within legal contemplation. In other words, to hold that the legal test of whether or not an occupation constitutes the doing of business, depends on whether it is profitable or has prospects of being profitable, is too restrictive an interpretation of the revenue act. It deprives plaintiff of the liberal construction to which the taxpayer is entitled.

In Thacher v. Lowe (D. C.) 288 F. 994, Judge Learned Hand, in deciding whether the operation of a farm by a lawyer constituted a business, or was merely an adjunct to his country place, after expressing grave doubt as to whether under any circumstances a lawyer can operate a farm for profit, said: "The test appears to me to be only of his actual intention."

Appellant's adventure in this business upon the possibility of the opening of the ark does not involve any greater improbability of profit than that a taxpayer's horse will win a race and make his business of handling race horses successful. In Wilson v. Eisner (C. C. A.) 282 F. 38, the appellant conducted a racing stable in Kentucky, and made a profit on it for about one-third of the time, though for two-thirds of the time he lost money. The Circuit Court of Appeals held that, since he had sworn that he was running the stable as a business, and in the hope of making money, the judge ought to have believed him and ought to have directed a verdict for him, corroborated as he was by the evidence for past years.

In the case of Plant v. Walsh (D. C.) 280 F. 722, it appeared that the appellant had recently begun the operation of a farm, and, although it had been operated to date at a loss, the court held that he was conducting it for "gain or profit." The court also went further and held that the mere fact that the farm was conducted only for the pleasure of the owner, it was nevertheless a business.

In the case of American School of Magnetic Healing v. McAnnulty, 187 U. S. 94, 23 S. Ct. 33, 47 L. Ed. 90, the court had before it an application by plaintiff school for an injunction to restrain the Postmaster General from issuing a fraud order excluding from the mails correspondence relating to the conduct of its business, under sections 3929 and 4041 of the Revised Statutes of the United States (39 USCA §§ 259, 732), and section 4 of the act of March 2, 1895, 28 Stat. 963, 964. The court, in sustaining the right of plaintiff to an injunction, held in effect that it was not within the power of the Postmaster General by merely determining that

the science of magnetic healing, or Christian Science, was without merit and subject to the restraining provisions of the Fraud Order Act to interfere with and disallow the conduct by plaintiffs of a legitimate business.

While the analogy between that case and the present one is not perfect, yet the determination in each case is one of law and not of fact; and, as it was not within the power of the Postmaster General to declare, as matter of law, the business of the plaintiff fraudulent, it is not within the jurisdiction and power of the Board of Tax Appeals to declare that the business of the plaintiff does not come within the exemptions of the taxing statutes, if the business, as here conceded to be, is a lawful one, conducted in a legitimate manner, and to which plaintiff is devoting her time in the honest belief that it will ultimately prove profitable. The mere fact that it may not have proved profitable, up to the time of the hearing below, is by no means decisive as matter of law of the question whether or not the business comes within the exemptions of the taxing statute. Under present conditions, the application of such a rule would exclude many lines of business from the exemptions of the taxing act.

■ The proper test is not the reasonableness of the taxpayer's belief that a profit will be realized, but whether it is entered into and carried on in good faith and for the purpose of making a profit, or in the belief that a profit can be realized thereon, and that it is not conducted merely for pleasure, exhibition, or social diversion. Appellant testified, and the record supports her testimony, that she has given her time exclusively to the publication and sale of the books since 1917; that she has given no time to social matters; and that she has made, and is making, every possible effort to sell the books. In other words, the business venture is not founded entirely upon the possible opening of the ark. While she insists that that would in all probability greatly facilitate the marketing of her books, she still has the belief that a profitable sale of the books may be established if the ark is not opened.

■ We think a better test to be applied here is whether or not the person engaged in a legitimate enterprise shows a willingness to invest time and capital on the future outcome of the enterprise, whether it be successful or unsuccessful. In the present case appellant for years has been devoting her time and capital to this enterprise, conscientiously believing that in the end it will prove profitable. The business is a legitimate one. For aught we know, the publication and dissemination of the books may be commendable. At least appellant believes that it is a proper and commendable enterprise. We think that, in these circumstances, the work that appellant has been doing through these years, and especially during the year 1926, in the extensive and expensive advertising of her business, brings her clearly within the provisions of the Revenue Act.

It certainly cannot be said that she is conducting this enterprise either as a hobby or for recreation or pleasure; and as said in George v. Commissioner, 22 B. T. A. 189: "The real test is whether the operation was carried on as a business for gain or whether it was carried on for recreation or pleasure. And this question is largely a matter of the intent of the petitioner." Applying these tests to the case at bar, we find no difficulty in reaching the conclusion that the appellant is conducting a business within the purview of the Revenue Act, and is entitled to the benefit of the deductions claimed.

The decision of the Board of Tax Appeals is reversed.