**Robert G. VOELKER, Plaintiff,**

**v.**

**TRAVELERS INDEMNITY COMPANY,**
**Defendant.**

**No. 57 C 597.**

United States District Court
N. D. Illinois, E. D.

April 2, 1958.

Latham Castle, Atty. Gen., for plaintiff.

---

4. Lake Tankers Corp. v. Henn, 1957, 354 U.S. 147, 77 S.Ct. 1269, 1 L.Ed.2d 1246; 63 Stat. 101, 28 U.S.C.A. § 1333.

Kirkland, Fleming, Green, Martin & Ellis, David Jacker, Robert Deane, William H. Symmes, Chicago, Ill., for defendant.

KNOCH, District Judge.

This matter comes on to be heard on motion for reconsideration of plaintiff's motion for summary judgment declaratory of his right to be defended by defendant in a civil action brought against him to recover for personal injuries.

The Court has had the benefit of argument of counsel on briefs, and it now appears that the pertinent facts are not in dispute, the issue being one of law.

It is uncontroverted that the action brought against plaintiff arises out of a collision in Minnesota between a civilian automobile and a 2½-ton military truck owned by the National Guard and driven by plaintiff, a member of the National Guard, on duty, and returning from two weeks' "summer encampment."

It is plaintiff's contention that defendant owes plaintiff a duty to defend the action brought against him because on the date of the collision, plaintiff owned a passenger automobile on which he carried liability insurance with defendant. The insurance policy on which plaintiff relies includes the following provision:

"If the named insured is an individual * * * and if during the policy period such named insured owns a private passenger automobile covered by this policy, such insurance as is afforded by this policy under Coverages A, B, D and F, with respect to said automobile apply with respect to any other automobile. * * *"

Defendant relies on other provisions of that same policy which read as follows:

"* * * (d) This insuring agreement does not apply:

"(1) to any automobile owned by or furnished for regular use to either the named insured or a member of the same household other than a private chauffeur or domestic servant of such named insured or spouse; * * *"

and

"* * * (3) under Coverages A, B, or D, to any automobile while used in a business or occupation of such named insured or spouse except a private passenger automobile operated or occupied by such named insured, spouse, private chauffeur or domestic servant; * * *"

It appears to the Court that it is also uncontroverted that the policy provisions on which plaintiff relies are intended to cover under the single premium occasional or casual use of unspecified vehicles.

From the factual allegations in the pleadings and supporting documents, exclusive of mere conclusions drawn by pleader or affiant, it is the opinion of the Court that the military truck was furnished to plaintiff "for regular use" within the meaning of the policy while he was acting under military orders, although plaintiff was to use the truck actually on only two occasions during the period of duty, as it happened.

The Court is further of the opinion that the military vehicle was "used in a business or occupation" by plaintiff while on paid military duty and hence was excluded from coverage under the policy as it was not a private passenger automobile.

It is therefore ordered that plaintiff's motion be and it is hereby denied; and it is further ordered that plaintiff's action be and it is hereby dismissed.