## WILLIAM W. SEAFORD v. NATIONWIDE MUTUAL INSURANCE COMPANY.

(Filed 20 January, 1961.)

**1. Insurance § 54—**

Where a policy of automobile liability insurance fails to define the term "automobile", the word must be given its ordinary and commonly accepted meaning, and embraces a tractor-trailer unit designed for use on highways.

**2. Insurance § 3—**

If a contract of insurance is ambiguous and susceptible to two constructions, the courts will adopt that construction which is more favorable to the insured.

**3. Insurance § 54—**

Where a policy of automobile liability insurance covers liability attaching while insured is operating a vehicle not owned by him, with exclusion if the vehicle is used in any other business or occupation of insured, the policy does not cover an accident occurring while insured was operating a tractor-trailer in the employment of another, even though such employment was limited to a single trip and insured had other employment upon which he depended primarily for his livelihood.

**4. Insurance § 62½—**

The filing by insurer of form SR-21 with the Department of Motor Vehicles as required by G.S. 20-279.19 does not estop insurer from thereafter denying coverage under the policy.

APPEAL by plaintiff from *Olive, J.,* in Chambers, 9 July 1960, of July 1960 Term, of DAVIE.

An action for a Declaratory Judgment under G.S. 1-253 *et seq.*

The defendant insurance company issued its Family Automobile Comprehensive and Liability Policy insuring the plaintiff within certain defined limits for bodily injury and property damage. The policy provided that "the company shall defend any suit alleging * * * bodily injury or property damage * * * arising out of the * * * use of the owned automobile or any non-owned automobile."

The policy further provides under the heading "Exclusions" the following: "1. This policy does not apply * * * (f) to a non-owned automobile while used (1) in the automobile business by the insured, or (2) in any other business or occupation of the insured except a private passenger automobile operated or occupied by the Named Insured or by his private chauffeur or domestic servant, or trailer used therewith." And in the section of the policy denominated as "Definitions under Part Two" it is said: " 'Non-owned automobile' means an automobile * * * not owned by the Named Insured."

While said policy was in force and effect, the plaintiff, who had been employed as a textile employee prior to the accident in question, was operating a 1952 White tractor-trailer unit owned by one Paul Leo Bennett. And in this connection, the plaintiff admits in his verified reply that he was, at the time of the accident, the employee of Paul L. Bennett " * * * and was engaged in the performance of his duties and was acting in the course of his employment." While thus operating said tractor-trailer unit, the plaintiff was involved in an accident in the State of Maryland on 3 March, 1958.

Thereafter, the defendant insurance company, pursuant to plaintiff's request, filed with the North Carolina Department of Motor Vehicles an SR-21 form on 14 July 1958. This is the usual form showing financial responsibility as required by the laws of North Carolina. It provided in pertinent part " * * * our policy for the named policy holder applies to him as the operator but does not apply to the above owner of the vehicle involved in the accident." As a result, on 21 January 1959, a suit was commenced in the State of Maryland by a third party against the plaintiff alleging bodily injury and property damage.

The suit papers were referred to the defendant insurance company. Thereafter, on 9 February 1959, the plaintiff and the defendant insurance company entered into the following written agreement:

## "NON-WAIVER AGREEMENT."

"Whereas, Nationwide Mutual Automobile Insurance Company of Columbus, Ohio, hereinafter called the Company, issued a policy of insurance No. 61-168-461 to William W. Seaford and Margaret Seaford, of Rt. #2, Advance, North Carolina,

"And Whereas, William W. Seaford, of Rt. #2, Advance, North Carolina, hereinafter called the Insured, claims benefits under said policy in connection with an accident which occurred on or about March 3, 1958, but the said Company contends, or may later contend, that the Insured is not entitled to such benefits in view of the fact that Driving a non-owned Tractor-Trailer Unit.

"And Whereas it appears that the interests of both the Insured and the Company may be better served and protected by an investigation of the facts and/or entering of defense on behalf of the Insured:

"Now, Therefore, it is understood and agreed between the Insured and the Company that the Company may by its representatives proceed to investigate the said accident, negotiate the settlement of any claim, or undertake the defense of any suit growing out of the said accident, without prejudice to the rights of the said Company,

and that no action heretofore or hereafter taken by the Company shall be construed as a waiver of the right of the Company if in fact it has such right, to deny liability and withdraw from the case; also, that by the execution of this agreement the insured does not waive any rights under the policy.

"Executed in triplicate this 9 day of February, 1959.

> "Nationwide Mutual Automobile Insurance Company— By Donovan L. Godfrey
> "William W. Seaford— Insured
> "Shirley Josey— Witness— Sandra Schofield— Witness."

Thereafter, the defendant insurance company denied its liability under the policy on the ground " * * * that said policy by its terms expressly excluded coverage to a non-owned automobile which was not a private passenger automobile when said automobile was being used * * * in any * * * occupation of the insured except a private passenger automobile operated or occupied by the named insured." Thereupon, the plaintiff commenced this action to construe the policy of insurance and to obtain a declaration of his rights.

After the verified pleadings were filed, the defendant moved, in writing for a judgment upon the pleadings. When the cause came on for hearing, and being heard, the lower court allowed the motion, and entered judgment that the plaintiff's action be dismissed in its entirety. To the signing of the judgment the plaintiff excepts and appeals to the Supreme Court, and assigns error.

*Peter W. Hairston for plaintiff, appellant.*
*Walser & Brinkley for defendant, appellee.*

WINBORNE, C. J.:  Both plaintiff and defendant agree that the questions presented on this appeal are these:

"1. Is a tractor-trailer unit not 'an automobile' within the meaning of the so-called non-owned coverage provisions of the Family Comprehensive Liability Policy?

"2. Was the plaintiff a textile worker who had been employed to operate a tractor-trailer unit for the one trip only, using this equipment 'in any business or occupation' of the plaintiff within the meaning of the policy?

"3. Did the non-waiver agreement entered into by the plaintiff apply under the circumstances herein to the action taken by the defendant company in the filing of a notice of liability coverage

designated as SR-21 with the North Carolina Department of Motor Vehicles?"

The word "automobile" is derived from the Greek word "autos" meaning self, and the Latin word "mobilis" meaning freely movable, changing its own place or able to effect a change of its own place. The word has been defined by the North Carolina Supreme Court in *Jernigan v. Ins. Co.*, 235 N.C. 334, 69 S.E. 2d 847. In that case *Justice Ervin*, writing for the Court said: "Inasmuch as there is nothing in the policy indicating that the parties intended the word automobile to have a different meaning it is to be taken and understood in its ordinary and popular sense. *Bailey v. Ins. Co.*, 222 N.C. 716, 24 S.E. 2d 614; *Stanback v. Ins. Co.*, 220 N.C. 494, 17 S.E. 2d 666 * * * When it is employed in its general sense, the word automobile embraces all kinds of motor vehicles, except motorcycles, designed for use on the highways and streets for the conveyance of either persons or property * * * When used in its particular sense, the term automobile includes such motor vehicles other than motorcycles, as are intended for use on the highways and streets for the carriage of persons only * * * ."

The Court held in the *Jernigan* case, *supra*, that a farm tractor cannot be properly classified as an automobile in either the general or the particular sense since a tractor is " * * * neither designed nor suitable for use on highways and streets for the transportation of either persons or property." Therefore, in the present case a different question is presented, namely, whether a tractor-trailer unit is an "automobile" as used in the insurance policy in question.

There have been numerous cases in other jurisdictions holding that a truck is an "automobile" within the meaning of provisions of an automobile insurance policy. See *Life & Casualty Ins. Co. of Tenn. v. Metcalf*, 42 S.W. 2d 909, 240 Ky. 628; *Kellaher v. Portland*, 57 Ore. 575, 112 P. 1076; *Casualty Co. v. Buckeye Union Cas. Co.* (Ohio Ct. Com. Pleas 1957) 143 N.E. 2d 169; *Life & Cas. Ins. Co. of Tenn. v. Roland*, 45 Ga. App. 467, 165 S.E. 293; *Lonsdale v. Union Ins. Co.*, 167 Neb. 56, 91 N.W. 2d 245.

The absence from the policy in question of express unequivocal language expressly excluding a tractor-trailer unit by appropriate words saving itself from liability to the insured where an accident occurs while riding in an "owned automobile or any non-owned automobile" tends to show that by the use of the word "automobile" the policy did not thereby exclude an "owned" or "any non-owned" tractor-trailer unit. It is apparent that the word "automobile" was

selected and used in the policy in its common, general and popular sense.

In substance, the defendant company contends that whatever may be the meaning of the word "automobile" when contained in a policy which does not contain a definition of that term (here there is no such definition), that such definition *ex vi terminii* excludes a tractor-trailer unit.

It then comes to this: We must forfeit entirely the "use of the owned automobile or any non-owned automobile" provision or conclude that the use of the word "automobile" therein must be given its ordinary and commonly accepted meaning. When so considered the conclusion is that a tractor-trailer unit is an "automobile" within the meaning of the policy herein. Furthermore, it is an established principle of law in this State that when an insurance policy is reasonably susceptible of more than one interpretation, or if the language is ambiguous, the construction more favorable to the assured will be adopted. See *Johnston v. Cas. Co.*, 200 N.C. 763, 158 S.E. 473; *Conyard v. Ins. Co.*, 204 N.C. 506, 168 S.E. 835; *Stanback v. Ins. Co., supra; Bailey v. Ins. Co., supra.*

In the *Johnston* case the Court in opinion by *Adams, J.*, expressed the principle in this manner: "We recognize the established principles that a policy of insurance, if the language is ambiguous or susceptible of more than one interpretation, should be given a construction favorable to the assured * * * ."

And in the *Conyard* case it is said: "The rule of construction is that when an insurance policy is reasonably susceptible of two interpretations, the one more favorable to the assured will be adopted. The policy having been prepared by the insurers, it should be construed most strongly against them.'"

For reasons stated, a tractor-trailer unit is an "automobile" within the meaning of the provisions of the Family Comprehensive Liability Policy under consideration.

However, even though the tractor-trailer unit in question does come within the "automobile" provisions of the policy, the plaintiff must still hurdle the clause therein providing that the policy does not apply " * * * (f) to a non-owned automobile while used (1) in the automobile business by the insured, or (2) in any other business or occupation of the insured except a private passenger automobile operated or occupied by the Named Insured or by his private chauffeur or domestic servant, or trailer used therewith." The term "business or occupation" is not restrictive in its meaning nor made so by any provisions of the policy.

The defendant company contends that at the time of the accident the business and occupation of the plaintiff was that of operating a tractor-trailer unit for Paul Leo Bennett, the employer. But the plaintiff counters and contends that since he was employed to operate the tractor-trailer unit for the one trip only that it is not in his "business or occupation" within the meaning of the policy. In *Allstate Ins. Co. v. Hoffman*, 21 Ill. App. 2d 314, 158 N.E. 2d 428, where the Court there had to pass on the identical question here presented, it is said: "It is not uncommon for an insured to have a business in addition to his regular and customary occupation which he may pursue primarily or even wholly for purposes other than pecuniary gain; but such collateral business would nonetheless constitute a business or an occupation while so pursued. Since the policy contains no restrictive provisions as to the business or profession of the insured, it would seem that coverage or non-coverage is to be determined by the terms and provisions of the policy and not by reference to the particular business or occupation of the insured described in the policy." Also to the same effect are *Dickey v. Fire & Life Assur. Corp.*, 328 Pa. 541, 195 A. 875; *Voelker v. Indemnity Co.*, D.C. N.D. Ill., 172 F. Supp. 306, affirmed 260 F. 2d 275 (7th Cir.).

The conclusion is that the insurance company's position is sound and supported by authority, and even though the insured had other employment upon which he depended primarily for his livelihood, the tractor-trailer was being used in "business or occupation" while the plaintiff was on the trip in the employ of Paul Leo Bennett.

Having so concluded, the next question is whether or not the filing of the SR-21 form by the insurance company, as required by G.S. 20-279.19, waives its right to deny coverage under the terms of the policy. In other words, does the filing of an SR-21 form with the Department of Motor Vehicles prevent the defendant insurance company from subsequently raising the defense that the policy in question did not cover the plaintiff in the Maryland accident?

The purpose of the SR-21 form, as required by G.S. 20-279.19, seems to be a means of protecting one's driving privilege by proving insurance in the minimum amount required by this State, and was not intended to be a contract. The required filing of the SR-21 form does not show an intent on the part of the Legislature that once the insurer files the form showing that the policy is in effect, such act affects the contractual rights of the parties, or precludes the insurance company from thereafter seeking to deny its liability under the policy.

The plaintiff contends that the filing of the SR-21 form should have the effect of estopping the insurer from later denying coverage under

the policy, and cites a Wisconsin case, *Behringer v. State Farm Mutual Auto Ins. Co.*, 275 Wisc. 586, 82 N.W. 2d 915, in support of his contention. As a result of the holding in the *Behringer* case, *supra*, the laws of Wisconsin were amended so as to change the holding of that case. Indeed, since the law has been changed in Wisconsin the Supreme Court of that State has allowed the insurance company to raise a defense subsequent to the filing of the SR-21 form. *Kurz v. Collins*, 6 Wisc. 2d 538, 95 N.W. 2d 365.

The better rule seems to be that by the mere filing of an SR-21 form as required by the law of this State, the insurer is not estopped to later deny coverage under the policy. *Hoosier Cas. Co. v. Fox*, 102 F. Supp. 214; *Auto Ins. Co. v. West*, 149 F. Supp. 289.

Therefore, for reasons stated, the lower court should be and it is

Affirmed.