**GLOBE INDEMNITY COMPANY, NEW YORK, N. Y., Appellant,**

v.

**Paul N. JETT, Jr., Appellee.**

No. 11083.

Court of Civil Appeals of Texas.

Austin.

April 24, 1963.

Rehearing Denied May 8, 1963.

———◆———

House, Mercer, House & Brock, Franklin D. Houser, San Antonio, for appellant.

Cofer, Cofer & Hearne, Austin, Drought & Kaufman, San Antonio, for appellee.

ARCHER, Chief Justice.

This is an action for declaratory judgment wherein appellee brought said suit to determine his rights under a certain policy written by the appellant in this case and specifically seeking to determine a question of coverage under said policy, which was a standard automobile liability policy.

On December 23, 1959, appellee Jett purchased a policy of automobile liability insurance from the appellant, Globe Indemnity Company. During the time that the policy was in force; namely, September 9, 1960, while appellee Jett was engaged in driving a "non-owned" modified racing car for contingent compensation on a race track in Austin, Texas, an accident occurred. The race car which appellee Jett was driving went out of control, crashed through a retaining wall or fence and inflicted bodily injuries on a bystander. A suit for personal injuries is now pending in Travis County against appellee by the injured bystander. By this suit for declaratory judgment appellee Jett seeks to obtain personal liability coverage under the policy in question. Appellant has refused to recognize any such coverage or defend the suit pending against appellee. Appellant's position is that there is no coverage under the policy because of Exclusion "H" which is as follows:

"(h) to a non-owned automobile while used (1) in the automobile business by the insured or (2) in any other business or occupation of the insured except a private passenger automobile operated or occupied by the named insured or by his private chauffeur or domestic servant, or a trailer used therewith or with an owned automobile."

Both appellee and appellant filed Motions for Summary Judgment; the trial court granted appellee's Motion for Summary Judgment and refused appellant's Motion for Summary Judgment. After granting appellee's Motion for Summary Judgment the court thereupon entered a judgment which ordered and decreed that the appellee was covered by appellant's policy No. GDH

246225, and that the appellant is obligated to defend the appellee in the suit which is now pending in Travis County, styled Fred H. Mayer vs. A. B. Wusterhausen, et al., in the 53rd Judicial District Court of Travis County, Texas. The court went on further to hold that the appellant is obligated to pay all sums which the appellee may by such suit become legally obligated to pay as damages to the limits provided by the policy in question.

The appeal is founded on one point assigned as error and it reads:

> "The trial court erred in granting appellee's Motion for Summary Judgment and refusing appellant's Motion for Summary Judgment because, as a matter of law, appellee was engaged in a business or occupation at the time of the collision and was therefore not covered by the policy in question."

The question to be decided in this appeal is whether the appellee was engaged in a business or occupation at the time of the collision, within the meaning of "Exclusion H."

Appellant's position is that appellee was engaged in a business or occupation, and that of appellee is that he was not so engaged but merely participating in a hobby or sport.

The facts in this case are:

> "1. Appellee works full time as a shop foreman for the Smith Motor Imports in San Antonio, Texas, earning $487.00 a month. His racing does not interfere with his regular business.
>
> "2. Appellee has driven racing cars on weekends as a sport or hobby on a regular basis for thirteen years. But for the money he has taken in, he would not be racing. It is uncontroverted that he considers racing a hobby, and he has never taken in more money than his expenses. He has never included his

winnings in his income tax return."

The issue in this case for determination is of first impression with the Courts of this State. The Courts of other States have construed similar policy provisions.

We have no difficulty in determining the meaning of "business or occupation" in its usual sense by reference to dictionaries such as Webster's New International Dictionary, Second Edition, and we omit such definition and synonym.

Appellant cites Allstate Insurance Company v. Hoffman, 21 Ill.App.2d 314, 158 N.E. 2d 428, Appellate Court of Illinois and Voelker v. Travelers Indemnity Co., 172 F.Supp. 306, D.C.N.D.Ill., and Seaford v. Nationwide Mutual Insurance Company, 253 N.C. 719, 117 S.E.2d 733, 85 A.L.R.2d 496.

Appellee cites Bowen v. Merchants Mutual Casualty Co., 99 N.H. 107, 107 A.2d 379 (1954), by the Supreme Court of New Hampshire in which the Court had for determination whether a temporary line of work not directly connected with the principal line of endeavor of the insured was a business or occupation, under a policy provision substantially the same as is involved here, and the Court held that it was not a business or occupation.

The insured, an iceman, was not able to continue his regular work because of an injury so he exchanged jobs with his brother, a truck driver, and was involved in a collision while driving the truck. The New Hampshire Supreme Court held he was not engaged in a business or occupation while driving the truck, the Court stating, in part as follows:

> "The test for interpreting a contract of insurance is the meaning a reasonable person in the position of the insured would give to its terms. * * * The words 'business' and 'occupation' may have various meanings under particular circumstances but in general they are each commonly used in reference to the

**398**

work in which one is regularly or usually engaged. * * * 'One's business * * * is the activity upon which he spends the major portion of his time and out of which he makes his living.' "

The Court cited other cases.

The general rule in Texas as stated in 32 Tex.Jur.2d, p. 558, Insurance, Sec. 361 is "The words 'occupation' and 'business' mean principal business, pursuit, or calling as distinguished from acts incidentally connected with the lives of men in any and all occupations."

In Federal Income Tax cases, our Federal Courts have recognized exception for hobbies. Doggett v. Burnett, 62 App.D.C. 103, 65 F.2d 191.

In Deering v. Blair, 57 App.D.C. 367, 23 F.2d 975, business was defined as "that which occupies the time, attention, and labor of men for the purpose of livelihood or profit."

In Cherot v. United States Fidelity and Guaranty Company, 264 F.2d 767, 71 A.L. R.2d 959, the Circuit Court of Appeals for the 10th Circuit held an insurance company could not deny coverage under the policy provision excluding coverage of a "non-owned automobile while used (1) in the automobile business by the insured" if the insured was operating the automobile in the course of repairing the automobile as a hobby and not for profit or gain.

The Court in the course of its decision stated that what constitutes doing business is a question of law, and whether one is engaged in business under the definition is a question of fact, and gave definitions of business, citing other cases.

In Connor v. City of University Park, Tex.Civ.App., 142 S.W.2d 706, error ref., the Court in a zoning case held that "The term 'business' is applicable to any particular employment, occupation, or profession followed as a means of livelihood; in this sense, the word has been defined in general

as meaning calling, employment, trade or avocation."

We believe that the Trial Court was justified in granting the Summary Judgment, and the judgment is affirmed.

Affirmed.