Benjamin E. Adams and Amanda C. Adams v. Commissioner.
Adams v. Commissioner
Docket No. 3906-64.
United States Tax Court
T.C. Memo 1966-242; 1966 Tax Ct. Memo LEXIS 41; 25 T.C.M. (CCH) 1239; T.C.M. (RIA) 66242; October 23, 1966
*41 Held: Petitioner Benjamin E. Adams gave up his employment as a salesman and devoted his full time to being an artist. Although in the taxable years 1961 and 1962, he received no income from his art activities, he engaged in such activities with the intent to make a profit and was therefore engaged in a trade or business. Benjamin E. Adams, pro se, 6019 W. Addison St., Chicago, Ill. James E. Caldwell, for the respondent. SIMPSON
Memorandum Findings of Fact and Opinion SIMPSON, Judge: Respondent determined deficiencies in petitioners' income tax of $248.23 for the taxable year 1961 and $245.73 for the taxable year 1962. The only issue for decision is whether petitioner Benjamin E. Adams was engaged in carrying on a trade or business *42 as an artist so that certain expenses incurred during the taxable years are deductible as business expenses under section 162(a) of the Internal Revenue Code of 1954. [1]
Findings of Fact Some of the facts were stipulated, and those facts are so found. Petitioners, Benjamin E. Adams and Amanda C. Adams, are husband and wife residing in Chicago, Illinois. They filed their joint Federal income tax returns for the calendar years 1961 and 1962 with the district director of internal revenue, Chicago, Illinois. Benjamin E. Adams will be referred to as the petitioner. Prior to the year 1956, Amanda C. Adams operated a restaurant in Chicago on the ground floor of a two-story building. Petitioners resided on the top floor of this building. During this time, petitioner was engaged as a roofing and home improvement salesman. Around 1956, Amanda C. Adams decided to discontinue operation of the restaurant. During the same year, petitioner's employer became bankrupt. Petitioner had been interested in art for most of his life, and he decided to study art on a full-time *43 basis. During the years 1957 and 1958, petitioner was enrolled as a full-time student at the Art Institute of Chicago. During the years 1959, 1960, and 1961, he was enrolled as a part-time student at the same institution. Before 1960, all art work done by the petitioner was done outside of his home, usually in connection with his studies at the Art Institute. After the restaurant operation was discontinued, petitioners had a spacious area in the building in which they reside that was not being used. In 1960, petitioner decided to equip this area as an art studio or workshop. This area was thereafter not used for any other purpose. The studio was conducted jointly with petitioner's son, Roger, under the name "Adams Art Studio". During the years 1959 through 1962, petitioner had no employment other than the operation of this studio. He believed that he could earn a living as an artist. While petitioner was a student at the Art Institute and during the time petitioner had his studio, Amanda C. Adams was gainfully employed and contributed to the support of the family. Petitioner used his savings to help maintain himself and the family. For the taxable year 1961, petitioners claimed *44 on their tax return business expenses of $1,570.64 for the operation of "Adams Art Studio". For the taxable year 1962, petitioners claimed business expenses of $1,358.06 for operation of the studio. Petitioners did not report any income for either 1961 or 1962 from the operation of the studio. Most of petitioner's work in 1961 and 1962 consisted of pen and ink drawings of scenes and landscapes. But no sales of any of petitioner's work were made in the years 1959, 1960, 1961, or 1962. In 1961 and 1962, the studio advertised in a telephone directory for "mural work". The studio received only a few inquiries for mural work, and no work resulted from the inquiries, except that in one instance, petitioner's son did undertake and complete a mural, and he received $75. During 1962, petitioner perfected a theory or formula, which he claimed would allow him to take any given space and make a painting or design suitable for that space. His theory would, he claimed, enable him to paint in the style of the "old masters". Petitioner hoped to write a book on this theory and had made notes as a basis for the book. He believed that the theory would be marketable. Petitioner joined the North *45 Shore Art League in 1961 with the objective of having an opportunity to display and sell his work. In that year, he submitted a picture for the North Shore Art League Show. His picture was rejected. Also in 1961, petitioner applied to submit a picture at an art show in Rockford, Illinois. His application was denied. In 1963, petitioner submitted a picture to the Illinois State Fair in Springfield. The picture was rejected. Petitioner then took this same picture to a Chicago art gallery in 1963 and priced it at $2,000. The picture was rejected. Petitioner testified that he did not wish to sell his pictures for $10, $15, or $25 to someone who just thought they were "pretty". In 1965, petitioner submitted a picture for an art show at the St. Paul Art Center, St. Paul, Minnesota. The picture was rejected. After the taxable years in question, and after petitioner found that he could not make money from the operation of his studio, he found other employment. Opinion Section 162(a) allows a deduction for expenses incurred in carrying on a trade or business if such expenses are ordinary and necessary and are paid or incurred during the taxable year. There is no dispute over whether the *46 claimed expenses were incurred or whether the expenses were ordinary and necessary, if it is found that the petitioner was engaged in a trade or business. However, the respondent contends that the petitioner was not engaged in a trade or business as an artist during 1961 and 1962 and that, therefore, his expenses of $1,570.64 in 1961 and $1,358.06 in 1962 for the operation of the art studio are not deductible. Petitioner maintains that in 1961 and 1962 he was engaged in the "business" of being an artist, and his expenses incurred in the operation of his art studio are deductible business expenses. Whether petitioner's art activities were carried on as a business for gain or whether they were carried on for recreation or pleasure is a matter of the intent of the petitioner. Edwin S. George, 22 B.T.A. 189 (1931). In other words, petitioner must have had a "profit motive" before it can be said that his activities constituted a business. Henry P. White, 23 T.C. 90 (1954), affd. 227 F. 2d 779 (C.A. 6, 1955). A profit motive does not depend upon "the reasonableness of the taxpayer's belief that a profit will be realized, but whether [the activities *47 are] * * * entered into and carried on in good faith and for the purpose of making a profit, or in the belief that a profit can be realized thereon, and that [the activities are] * * * not conducted merely for pleasure, exhibition, or social diversion." Doggett v. Burnet, 65 F. 2d 191, 194 (C.A.D.C., 1933), revg. 23 B.T.A. 744 (1931). And such activities will not be excluded from classification as a business merely because a loss results rather than a profit. Deering v. Blair, 23 F. 2d 975 (C.A.D.C., 1928), affg. 5 B.T.A. 1055 (1927). We are therefore not required to find that petitioner's belief that he could make a profit from his art activities was a reasonable belief. We are not required to find that petitioner was a good or even an average businessman. Petitioner received no income from his art activities in any of the years in which he maintained his studio, and he was unsuccessful in exhibiting even one of his paintings over those years. There is also evidence in the record to support a belief that his pricing policies were unrealistic. But while these are certainly relevant considerations in ascertaining petitioner's *48 intent, they are not conclusive. Our impression of the petitioner is that he was sincere in believing that he could make a profit from his art activities. He believed in his art even after his paintings had been rejected for exhibition. He set up his studio and devoted his full time to his art activities, believing he could make a living in this manner. While petitioner was interested in art and enjoyed his work, petitioner was not a wealthy man who could afford to indulge in a full-time hobby. Petitioner used his savings and money he obtained from his wife to equip the studio. Petitioner's wife worked through these years and contributed to the support of the family. The finding that petitioner intended to make a profit is strengthened by the fact that when, after a few years, petitioner found that he could not make money from his art activities, he gave up the full-time pursuit of these activities and found other employment. We find that petitioner was engaged in his art activities with the intent to make a profit from such activities. Accordingly, petitioner was engaged in business, and the ordinary and necessary expenses of carrying on that business are deductible. Decision *49 will be entered for the petitioner. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 unless otherwise indicated.↩