Violet **KING** and Owen King, Plaintiffs-Appellants,

v.

Clarence E. **WOODWARD**, Defendant-Appellee,

and

Traders and General Insurance Company, Garnishee-Appellee.

No. 71–1737.

United States Court of Appeals, Tenth Circuit.

July 26, 1972.

---

**626**

Norman, Oklahoma City, Okl., on the brief), for plaintiffs-appellants.

H. A. Bud Carter, Oklahoma City, Okl., for garnishee-appellee.

Before JONES *, SETH and McWILLIAMS, Circuit Judges.

JONES, Circuit Judge:

Clarence E. Woodward, on May 13, 1966, drove a GMC pickup truck owned by John Mongold from Tahlequah, Oklahoma, to Oklahoma City, Oklahoma, for the purpose of delivering, for Mongold, in Oklahoma City, a truckload of strawberries belonging to Mongold. The prior course of dealing between Mongold and Woodward had established that for this service Woodward would be paid $15. The truck, driven by Woodward, collided with an automobile occupied by Violet King and Owen King, her husband. Traders and General Insurance Company had issued an automobile public liability policy to Woodward in the amount of $5,000 for injury to one person on a motor vehicle owned by him. The policy provided coverage to Woodward on non-owned automobiles. Among the exclusionary clauses of the policy is the following:

"Exclusions. This policy does not apply under Part 1:

. . . . .

"(h) to a non-owned automobile while maintained or used by any person while such person is employed or otherwise engaged in (1) the automobile business of the insured or of any other person or organization, (2) any other business or occupation of the insured, but this exclusion (h) (2) does not apply to a private passenger automobile operated or occupied by the named insured or by his private chauffeur or domestic servant or a trailer used therewith or with an owned automobile;"

Included among the policy provisions is, " 'Private passenger automobile' means a

Ed Abel, Oklahoma City, Okl. (Lampkin, Wolfe, Burger, Abel, McCaffrey &

* of the Fifth Circuit, sitting by designation.

four wheel private passenger, station wagon or a jeep type automobile." A claim was asserted against Traders and General. It denied liability.

Violet King and Owen King, her husband, brought an action in the district court of Oklahoma County, Oklahoma, against Clarence E. Woodward for the injuries sustained by Violet King and for his expense and loss of consortium. They recovered a judgment in the amount of $25,000. A garnishment issued out of the state court against Traders and General Insurance Company. In the affidavit of counsel for Mr. and Mrs. King, upon which the garnishee summons was issued, it was stated that there was a contract between Woodward and Traders and General obligating it to pay the judgment against Woodward. Traders and General filed a denial of liability and later removed the garnishment proceedings to the United States district court. The Kings moved to remand on the ground that there was no diversity of citizenship between them and Woodward. The motion was denied. A jury trial was sought and refused.

At about the time the state court judgment was entered, the attorney there representing Mongold and who represented Woodward in the district court garnishment proceedings, wrote to the attorney who was then representing Woodward in the state court saying, among other things, that

> "I have the absolute and complete assurance and agreement from the plaintiff's attorney that at no time will any attempt be made to collect any part of the judgment from Clarence E. Woodward. . . . There will be no attempt to collect any monies from Mr. Woodward."

A copy of the letter was sent to Woodward. Woodward's copy of the letter was offered in evidence by Traders and General. Objection was made by the writer of the letter on the ground that it was within the attorney-client privilege. The court overruled the objection and admitted the letter in evidence with the comment that, "It's a communication between lawyers." Other evidence, oral and documentary, was before the court.

In its findings of fact and conclusions of law the district court determined that, at the time of the collision, Woodward was an agent, servant and employee of Mongold, acting on his behalf, and receiving compensation for his services and reimbursement for his expenses; that the pickup truck owned by Mongold and driven by Woodward, which was involved in the accident, was not a private passenger automobile within the policy definition at the time and place of the accident; that Woodward while hauling Mongold's strawberries in Mongold's truck as Mongold's employee was engaged in his own business or occupation, thus excluding coverage for liability to Mrs. King and her husband for damages resulting from her injuries. No attempt was made to have these findings and conclusions modified, changed or supplemented. The findings above recited are not erroneous and the conclusions hereinbefore set forth are expressive of prevailing legal principles.

On appeal the Kings assert two issues and set them forth in these terms:

## Proposition I

Clarence E. Woodward was covered by his insurance policy with Traders and General because no exclusion in the policy applied to him.

## Proposition II

The garnishee Traders and General Insurance Company is liable for the full amount of the judgment rendered against defendant Woodward, including that amount in excess of the policy limits specified by Traders and General, because garnishee failed to represent or attempt to negotiate settlement in defendant Woodward's case and acted in bad faith.

Since we resolve the first issue contrary to the contention of the appellants King, it becomes unnecessary to consider the second proposition.

■ No purpose would be served in reviewing the very considerable number of precedents which deal with the deciding of when a motor vehicle is or is not a private passenger automobile, or when such question is one of fact or of law. It is enough for the purpose of this case to say that a GMC pickup truck being used for the transportation of a load of strawberries is not a private passenger automobile. This Court, in an Oklahoma diversity case, in construing the same language as in the policy in this case, has expressly so held. Hercules Casualty v. Preferred Risk Insurance Co., 10th Cir. 1964, 337 F.2d 1. The district court was correct in so holding.

■ The question as to the meaning of the phrase "any other business or occupation of the insured" is not a novel one. The rule is that the "business or occupation" as used in a policy provision excluding coverage of a "nonowned" or "other" automobile while used in a "business or occupation" of the insured is not restrictive in its meaning unless so made by a provision of the policy, and the term includes not only the regular business or occupation of the insured but also any other business or occupation. 7 Am.Jur.2d 418, Automobile Insurance § 107; Seaford v. Nationwide Mutual Insurance Co., 253 N.C. 719, 117 S.E.2d 733, 85 A.L.R.2d 496 and note; 13 Couch on Insurance 2d 20, § 45:964. This being the applicable rule of law, it follows that the judgment of the district court should be and is affirmed.

■■ The foregoing disposes of the appeal upon the single sufficient ground discussed. There is a considerable amount of tangled dog hair in the case upon some of which we comment without attempting to carry it out. Federal courts reject litigation where there is no jurisdiction. It is here contended that the insurance company was liable for the full amount of the state court judgment because it did not act in good faith in refusing to attempt to make a negotiated settlement within its policy limit of $5,000. On the facts known at the time of the demand on the insurance company and never controverted, it could have been urged with great plausibility that the doubt as to liability was such as to clearly justify a denial of liability, thus reducing the amount in controversy to the $5,000 policy limit. However, the removal was by Traders and General and we resolve the question in favor of jurisdiction.

In addition to the findings and conclusions heretofore recited, the district court determined that

"Under the agreement between the parties in interest whereby it was agreed that the judgment creditor [Mr. and Mrs. King] would make no claim against the defendant [Woodward] then no claim can be made against the defendant's insurance carrier [Traders and General]."

The two issues framed by the appellants King do not challenge this determination nor the admissibility of the evidence upon which the determination was based. Traders and General points to it as an alternative ground for affirmance, and Mr. and Mrs. King say that any reference to the "agreement" is raising a smoke screen. Our decision being on another ground, further discussion of this phase of the case seems unnecessary.

The record shows that Mongold had insurance on the pickup truck and that the full amount of such insurance had not been paid. It has been suggested that the liability of Mongold's insurance carrier was primary, that if Traders and General had any coverage it would have been excess, and that Mongold's insurer having made no good faith attempt to settle within its policy limits, it was liable for the full amount of the King judgment against Woodward. This problem was considered by the district court but was not the basis of its decision, nor is it of ours.

■ At oral argument Traders and General urged, though it had not before done so by its brief, that because Woodward had not appealed he had released Traders and General and that such re-

lease operated to discharge Traders and General of any liability it might have had. At the request of the Court the Kings and Traders and General attempted to cover this question by supplemental briefs. The briefs make no reference to precedents that are relevant or arguments that are persuasive. Woodward's failure to appeal did not deprive his judgment creditor of the right to attempt recovery from Traders and General, and it is doubtful that any action on his part could have done so.

The comments in this opinion which are not germane to the decision are included only to show that all phases of the cause have been considered, but without any intention of announcing legal precedents in this diversity case. Because the pickup truck was not within the coverage of the Traders and General policy, the judgment of the district court is

Affirmed.