327 So.2d 474 (1976)
Marilyn Brown REDDEN
v.
LIBERTY MUTUAL INSURANCE COMPANY et al.
Donald W. SHERRILL, Defendant-Third Party Plaintiff-Appellant,
v.
FIREMAN'S FUND INSURANCE COMPANY, Third Party Defendant-Appellee.
No. 12828.
Court of Appeal of Louisiana, Second Circuit.
February 9, 1976.
Rehearing Denied March 15, 1976.
Writ Refused April 30, 1976.
*475 Bodenheimer, Jones, Klotz & Simmons by J. W. Jones, Shreveport, for Donald W. Sherrill.
Blanchard, Walker, O'Quin & Roberts by J. Edgerton Pierson, Jr., Shreveport, for Fireman's Fund Ins. Co.
Before BOLIN, PRICE and HALL, JJ.
En Banc. Rehearing Denied March 15, 1976.
BOLIN, Judge.
Marilyn Brown Redden filed a wrongful death action against several defendants to recover damages for the death of her husband in an automobile-truck accident allegedly caused by the negligence of defendant Donald W. Sherrill, the driver of the truck. In an incidental demand arising out of the wrongful death action, the lower court granted summary judgment against Donald W. Sherrill, defendant and third party plaintiff, and in favor of Fireman's Fund Insurance Company, third party defendant and Sherrill's automobile liability insurer. From this summary judgment Sherrill appeals.
The issues on appeal are whether a question of material fact existed which precluded the use of summary judgment and, if not, whether Fireman's Fund was entitled to judgment as a matter of law on the basis of the undisputed facts.
In her wrongful death action, plaintiff Redden named the following parties as defendants: Sherrill, Fireman's Fund, Crescent Ford Truck Sales, Inc., (hereafter referred to as "Crescent"), Liberty Mutual Insurance Company (Crescent's liability insurer), Dealer's Transport Company (hereafter referred to as "Dealer's"), and Ford Marketing Corporation (hereafter referred to as "Ford").
The pleadings and answers to interrogatories reveal Ford sold two trucks to Crescent. Dealer's was under contract with Ford to deliver the trucks from the Kansas City Southern Railway's yards in Shreveport to Crescent's place of business in New Orleans. Elza Montgomery, a truck driver for Dealer's, hired Donald Sherrill to drive one of the trucks to New Orleans for $50 to $75, the exact amount depending on the expenses incurred during the trip. While enroute to New Orleans, the truck Sherrill was driving was involved in an accident which resulted in the death of plaintiff Redden's husband.
Fireman's Fund moved for summary judgment on plaintiff Redden's main demand. The motion was granted and Fireman's Fund was dismissed from the suit. Thereafter, defendant Sherrill filed an answer and a third party demand. In his answer, Sherrill denied any negligence and admitted his employment by Crescent, Ford, or Dealer's. The third party demand was against Liberty Mutual and Fireman's Fund, alleging that Sherrill was an insured under Liberty Mutual's policies issued to Ford, Crescent, and Dealer's or, alternatively, was an insured under his own automobile liability policy issued by Fireman's Fund.
Fireman's Fund moved for summary judgment on Sherrill's third party demand on the ground that no question of material fact existed and it was entitled to judgment as a matter of law.
Fireman's Fund contended that Sherrill's answer to interrogatories in which he stated Elza Montgomery was going to pay him $50 to $75 for driving the truck to New Orleans brought Sherrill within the following exclusionary clause of the policy issued to Sherrill by Fireman's Fund:
This policy does not apply under Part I [liability insurance coverage]:

*476 . . . (h) to a non-owned automobile while maintained or used by any person while such person is employed or otherwise engaged in (1) the automobile business of the insured or of any other person or organization, (2) any other business or occupation of the insured,. . . (Emphasis added)
The trial court granted the motion for summary judgment and dismissed Fireman's Fund from the suit and Sherrill appealed.
Louisiana Code of Civil Procedure Article 966 sets forth the requirements for obtaining a summary judgment, and states in its final sentence:
The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
Sherrill argues that Crescent, Ford and Dealer's have all denied that Sherrill was their employee and that the trial court could find that Sherrill was not the employee of any of them. Sherrill contends in that event his policy with Fireman's Fund would provide coverage.
No party has disputed the fact that Sherrill was to receive $50 to $75 for driving the truck to New Orleans as Sherrill stated in his answers to interrogatories propounded by plaintiff Redden. Hence, we find there was "no genuine issue as to material fact." The remaining question is whether that undisputed fact brings Sherrill within the exclusionary clause of the policy, entitling Fireman's Fund to judgment "as a matter of law."
In brief, appellee has referred us to the case of Seaford v. Nationwide Mutual Insurance Co., 253 N.C. 719, 117 S.E.2d 733, 85 A.L.R.2d 496, and the annotation following that case at 85 A.L.R.2d 502. Seaford is very similar to this case. In that case, a policy exclusion identical to the one involved in this suit was held to exclude liability coverage when the insured had an accident while driving a non-owned tractor-trailer rig on a one time basis only. The annotation following that case states:
Among the cases passing upon the question, it has generally been held that the term "business or occupation" as used in the policy provision excluding coverage of a "non-owned" or "other" automobile while used in a "business or occupation" of the insured is not restrictive in its meaning unless so made by a provision of the policy, and therefore the courts have construed the term to include not only the regular business or occupation of the insured upon which he primarily depends for his livelihood but also any other collateral business or occupation, regardless of whether such a business or occupation is pursued for purposes other than pecuniary gain, and they have also construed the provision as applicable even where the insured is employed to drive a vehicle for one trip only, or where the insured, while in the employ of another, is driving an automobile on one particular occasion outside the duties ordinarily required of him.
We have not found a Louisiana case which holds that driving a non-owned vehicle for compensation on a one time basis only constitutes use of a non-owned automobile in the business or occupation of the insured.
In Lee v. Allstate Insurance Company, 274 So.2d 433 (La.App. 1st Cir. 1973), a part time employee of a T.G.& Y. Store, who was also a full time student at LSU, was involved in an accident while on an errand for his employer. The employee's father's insurer denied liability coverage on the basis of an exclusionary clause similar to the one at issue in this suit. The *477 court, in finding the exclusionary clause applicable, stated:
Likewise, we have no hesitation in adopting the trial court's finding that Perry was driving the 1963 Chevrolet, in the contemplation of the Allstate policy, as a non-owned automobile in his occupation. The obvious rationale of the exclusion in the Allstate policy is found in precisely a situation such as we have before us. The insurer is not undertaking by its policy to extend coverage to their policy holder while he is driving someone else's car in his business or occupation since the responsibility for providing insurance coverage should rest with the insured's employer or other person for whose benefit the business was being conducted. There is considerable argument by counsel and there was considerable interrogation of the witnesses relative to whether the work at the T.G. and Y. Store constituted young Perry's occupation. We do not think that the questions of whether he was a part-time or a full-time worker, whether he was a sometimes student and a sometimes store employee or whether he worked less than a forty hour week are determinative of the issue. We think that in the context presented, the term occupation refers to a situation where he is gainfully employed or operating a business and where he is going about the duties of his employment or business.
See also Blackwell v. United States, 321 F.2d 96 (5th Cir. 1963), where the exclusionary clause was held to apply and exclude liability coverage when a member of the National Guard on annual two weeks summer camp was involved in an accident while driving a National Guard truck.
We find Sherrill was driving a nonowned automobile while engaged in his "business or occupation" as that term is used in the exclusionary clause. Since the policy excluded coverage, Fireman's Fund was entitled to summary judgment as a matter of law.
The judgment of the trial court is affirmed at appellant's cost.