BOUTALL, Judge,
dissenting.
I cannot agree that the insurance policy affords coverage under the facts of this case. The policy exclusion under the heading “Exclusions” § (h)(2) quoted in the majority opinion applies to this case. In Lee v. Allstate Insurance Company, 274 So.2d 433 (La.App. 1st Cir. 1973), the court found that the minor son of the insured was using a non-owned automobile in his occupation under a clause very similar to the one at issue here. In that case, as here, the use of the vehicle was only one time and not within the regular duties of the employee. Another Louisiana case maintaining a similar exclusionary clause is the case of Redden v. Liberty Mutual Insurance Company, 327 So.2d 474 (La.App. 2d Cir. 1976) in which one-time driving of a vehicle was determined to be a use in the business or occupation of the insured.
I quite agree that there are some distinguishing features amongst these cases, and note for example that in the Lee case, the named insured was the owner of the business in which his son worked, while in the Redden case, the driver was the named insured. It also may be that the court in each case could have decided the issue on other grounds or on other policy provisions which may have been contained in those policies. Nevertheless, the issue decided was, insofar as the particular policies are concerned, only the application of the exclusionary clause corresponding to our exclusionary clause (h)(2).
I find the Lee case to be especially persuasive of an opposite result to the majority opinion, and accordingly I dissent.