DANIEL S. PEARSON, Judge.
We affirm the summary judgment which found that an Ambulance Attendants Errors and Omissions Policy issued by Jefferson Insurance Company, insuring Randle Eastern Ambulance Service and its employees, did not cover injuries suffered by Mr. Merrill arising from a collision between a Randle Eastern ambulance in which Merrill was a passenger and another vehicle. We hold that (1) the errors and omissions policy obtained by Randle Eastern, pursuant to a contract with Dade County, to cover professional malpractice of its ambulance attendants (as distinct from a separate automobile liability insurance policy obtained from another insurer to cover negligent operation of Randle Eastern’s vehicles and which policy, in fact, covered the accident in which Mr. Merrill was injured) did not, due to a clause excluding coverage for bodily injury arising out of the operation of any automobile operated by Randle Eastern, provide coverage to the Merrills; and (2) an ambulance, being, inter alia, a self-propelled wheeled vehicle designed for the transportation of persons on streets and roadways, see Loftus v. Pennsylvania Life Insurance Company, 314 So.2d 159 (Fla. 4th DCA 1975); Seaford v. Nationwide Mutual Insur *286 ance Company, 253 N.C. 719, 117 S.E.2d 733 (1961); Annot., Accident Insurance “Automobile” — “Car,”38 A.L.R.2d 867 (1954); see also Annot., Uninsured Motorist Provision— “Automobile,” 65 A.L.R.3d 851 (1975), unambiguously falls within the generic and ordinary meaning of the term automobile absent record evidence that the ambulance was designed to be used, and used, other than as an automobile, compare Martin v. Nationwide Mutual Fire Insurance Company, 235 So.2d 14 (Fla. 2d DCA 1970) (a “jeep,” hand-built by the insured for use in roaming the pasture lands of a farm, but without the capacity to be legally and safely driven on public highways, is not an automobile) or absent other policy definitions which mandate a contrary conclusion, compare Hodges v. National Union Indemnity Company, 249 So.2d 679 (Fla.1971) (a Chevrolet El Camino, indisputably used to haul business-related materials, as “truck type not used in business or for commercial purposes”).
Affirmed.