[Sac. No. 7309.   In Bank.   July 20, 1961.]

MICHAEL G. DANA et al., Plaintiffs and Appellants, v. SUTTON MOTOR SALES et al., Defendants and Respondents.

Hardin, Fletcher, Cook & Hayes and Cyril Viadro for Plaintiffs and Appellants.

Clifford R. Lewis for Defendants and Respondents.

McCOMB, J.—Plaintiffs appeal from a judgment in favor of defendants in an action for declaratory relief.

*Facts*: August 7, 1957, plaintiff Michael G. Dana bought a used automobile from defendants under a conditional sales

contract.[1] It was a condition of the sale (imposed by defendants) that the automobile be covered by insurance, and the subject of the insurance was accordingly discussed between plaintiff and defendants.

Plaintiff asked that he be provided with ''full coverage,'' and defendants undertook to provide him with it.

Defendants, however, procured a policy which merely provided collision and comprehensive coverage for the automobile, and which did not provide plaintiff with any public liability or property damage coverage. Defendants failed to give plaintiff the written notice required by section 187 (now section 5604) of the Vehicle Code.[2]

About two months after the sale plaintiff's brother was involved in an accident while driving the automobile with plaintiff's consent. As a result, several claims for personal injuries and property damage were made against plaintiff. As he did not have the statutory coverage, the Department of Motor Vehicles suspended his license and registration for a period of one year in accordance with the applicable provisions of the Vehicle Code.

While this suspension was in effect plaintiff instituted the present action to recover damages (or to have his rights declared) because of defendants' failure to give him the notice required by section 187 of the Vehicle Code. The trial court dismissed the action and entered judgment in favor of defendants.

These questions are here presented:

First: *Did the facts set forth above, as alleged in the complaint, state a cause of action against defendants?*

---

[1]Presumably because he was only 21 years old, his mother, plaintiff Angelina K. Dana, was required to sign the contract.

To simplify this opinion, however, we shall assume that she was not (although in fact she was) a party to the action.

[2]Section 187 of the Vehicle Code read as follows: ''Every dealer who, upon transferring by sale, lease, or otherwise, any new or used vehicle of a type subject to registration, requires the transferee to insure such vehicle, and every lending agency which, as the holder of any security interest in any such vehicle, requires its obligor to insure such vehicle, shall, if the required insurance policy is obtained by the dealer or lending agency and such policy does not insure such transferee or obligor against damages resulting from the ownership or operation of such vehicle arising by reason of personal injury to or the death of any person, or from injury to property, notify the transferee or obligor of such fact in writing on a document other than the insurance policy, but such notice need not be given if such insurance is obtained by the dealer or lending agency because of the failure or refusal of such transferee or obligor to furnish such insurance or to renew any such insurance in accordance with the terms of the contract of sale, encumbrance or other loan agreement.''

*Yes.* ■ Section 187 of the Vehicle Code does not directly create a civil liability. However, the section furnishes a basis for tort liability based upon defendants' negligence in failing to perform the statutory duty imposed upon them by the section.

■ In *Clinkscales* v. *Carver,* 22 Cal.2d 72, 75 [2] [136 P.2d 777], this court said: "A statute that provides for a criminal proceeding only does not create a civil liability; if there is no provision for a remedy by civil action to persons injured by a breach of the statute it is because the Legislature did not contemplate one. A suit for damages is based on the theory that the conduct inflicting the injuries is a common-law tort. . . . ■ The significance of the statute in a civil suit for negligence lies in its formulation of a standard of conduct that the court adopts in the determination of such liability. [Citations.] . . . . ■ When a legislative body has generalized a standard from the experience of the community and prohibits conduct that is likely to cause harm, the court accepts the formulated standards and applies them. . . .

"Even if the conduct cannot be punished criminally . . . the legislative standard may nevertheless apply if it is an appropriate measure for the defendant's conduct."

■ Applying the foregoing rules to the facts of the present case, it is apparent that the Legislature has, from the experience of the community, formulated a standard of conduct for automobile dealers who procure insurance for their customers, and prohibited conduct by them which is likely to cause harm. Defendants failed to comply with the formulated standard, which was an appropriate measure for their conduct, and in the absence of legal excuse defendants would therefore be guilty of negligence. Accordingly, the complaint states a cause of action, and it was the duty of the trier of fact to determine whether defendants acted as a reasonably prudent person would have acted in similar circumstances.

■ Second: *Is it impossible under section 187 of the Vehicle Code to impose civil liability because the remedy for a violation of the section (that is, the amount and extent of the coverage which the dealer should have procured) would be too uncertain?*

*No.* Where, as in section 187 of the Vehicle Code, the amount of coverage is not prescribed, "full coverage" requires the procurement of the statutory minimum. (*Valdez* v. *Taylor Automobile Co.,* 129 Cal.App.2d 810, 818 et seq. [278 P.2d 91] [hearing denied by the Supreme Court].) In other words,

"full coverage" is the equivalent of the minimum statutory limits.

Applying this rule to the facts of the present case, it is clear that the coverage which defendants agreed to obtain for plaintiff was not too uncertain.

The judgment is reversed.

Gibson, C. J., Traynor, J., Schauer, J., Peters, J., White, J., and Dooling, J., concurred.