[S. F. No. 20907. In Bank. Mar. 8, 1962.]

REBECCA SIMMONS, Plaintiff and Respondent, v. CIVIL SERVICE EMPLOYEES INSURANCE COMPANY, Defendant and Appellant.

Sedgwick, Detert, Moran & Arnold, Wallace E. Sedgwick and James L. Gault for Defendant and Appellant.

E. Glynn Stanley for Plaintiff and Respondent.

THE COURT.—Defendant Civil Service Employees Insurance Company appeals from a summary judgment entered against it in proceedings under section 437c of the Code of Civil Procedure. A hearing was granted by this court, after decision by the District Court of Appeal, Third Appellate District, for the purpose of giving further study to the problems presented. After such study we have concluded that the

opinion of the District Court of Appeal, prepared by Mr. Presiding Justice Van Dyke and concurred in by Justices Peek and Schottky, correctly treats and disposes of the issues involved, and it is therefore, with certain further comments pertinent to contentions urged, adopted as and for the opinion of this court. Such opinion (with appropriate deletions and additions as indicated) is as follows:[1]

[ ] On November 6, 1954, plaintiff was injured through the negligence of one Eddie Lee Symon in the driving of an automobile. On December 6th Symon reported the accident to the Department of Motor Vehicles, stating that defendant had issued to him a policy extending public liability coverage. In fact, although defendant had issued to him a policy of insurance, the policy did not cover public liability, but covered fire, theft and collision only. Thereafter, plaintiff brought action against Symon and recovered a judgment for $20,000. She demanded of defendant herein that it pay such judgment. Defendant refused and this action was brought by plaintiff against it.

The complaint alleged that plaintiff had been injured through the negligence of Symon; that Symon had reported the accident to the department, claiming coverage; that thereafter defendant received from the department a written notice containing said claim of Symon and requesting defendant to report to the department within 20 days whether or not such a liability policy was in effect at the date of the accident, as required by section 422.6 of the Vehicle Code of this state as it then read [provisions now found in § 16060]; that defendant failed within said period of 20 days or at all to state to the department whether or not it had issued insurance coverage as Symon alleged; that in reliance on the existence of such a policy, and in reliance on the failure of defendant to state to the department whether or not there was such a policy in effect at the time of the accident, and believing that such a policy was in existence, plaintiff filed a complaint for damages against Symon; that thereafter, and still relying upon the foregoing, plaintiff obtained a judgment

---

[1]Brackets together, in this manner [ ], are used to indicate deletions from the opinion of the District Court of Appeal; brackets enclosing material (other than editor's added parallel citations) are, unless otherwise indicated, used to denote insertions or additions by this court. We thus avoid the extension of quotation marks within quotation marks which would be incident to the use of such conventional punctuation, and at the same time accurately indicate the matter quoted. (*People* v. *Lyons* (1956) 47 Cal.2d 311, 314 [303 P.2d 329].)

against Symon; that defendant is estopped to deny such a contract of liability insurance and to deny its legal obligation to satisfy said judgment.

Defendant answered the complaint against it, denying liability, but admitting that it had received from the department notice of Symon's allegations as to coverage and had not responded thereto.

Thereafter plaintiff moved for a summary judgment against defendant for the sum of $20,000 with interest thereon and costs of suit incurred in the action against Symon. The court granted the motion ordering that plaintiff recover the sum of $6,575. This sum, which included interest, equaled the minimum liability coverage to qualify Symon for exemption from security deposit. [Veh. Code, former § 422.7, subd. (a) (now § 16059, subd. (a) with $10,000 minimum); see Veh. Code, former § 420, subd. (a).]

In respondent's brief estoppel is argued in support of the judgment, but the trial court, in a memorandum of decision, asserted that the judgment it pronounced was not based upon estoppel and that it would not give a judgment upon that theory. Herein we think the trial court was correct, for it is obvious that on that theory the motion for summary judgment would have to be denied. ▮▮ Summary judgment proceedings have no application where there are issues of fact to be tried before a judgment can be pronounced; rather the issue on motion for summary judgment is whether or not there are issues to be tried. [See *Desny* v. *Wilder* (1956) 46 Cal.2d 715, 725-726 [1-3] [299 P.2d 257] and cases there cited.] ▮▮ Plaintiff asserted, and defendant denied, that defendant had made either express or implied representations to plaintiff as to insurance coverage. Plaintiff asserted, and defendant denied, that plaintiff, in bringing the action against Symon, relied upon any representations express or implied as to the existence of insurance coverage. Plaintiff alleged and defendant denied that plaintiff had been in any wise damaged by representations express or implied even if they had been made as charged. Without going further, we think it apparent that the summary judgment could not be supported upon the theory of estoppel.

However, the trial court, as evidenced by its memorandum of decision, considered that the complaint was broad enough in its allegations to be treated as one whereunder plaintiff could recover because defendant, being under a legal duty to

do so, failed to reply when called upon by the department to state whether or not coverage existed.

The statutes relied upon by plaintiff are contained within those provisions of the Vehicle Code which have to do with financial responsibilities of those licensed to operate automobiles. Although our laws do not require as a condition of obtaining an operator's license that any showing be made by an applicant as to his financial responsibility to respond in damages if, through his negligence in the operation of an automobile, he causes injuries to the persons or property of others, nevertheless provisions are contained therein whereunder, after such injuries have been inflicted through his negligence, the licensed operator is required to afford financial responsibility in favor of those who have been injured by his conduct and upon his failure to do so the statutes provide for the suspension of his operator's license and for other sanctions, all intended, through threat of the imposition of such sanctions, to result in the affording of limited financial relief to the injured. ■■■ As [ ] said in *Continental Casualty Co.* v. *Phoenix Constr. Co.* [1956] 46 Cal.2d 423, 434 [8] [296 P.2d 801, 57 A.L.R.2d 914] :

"At the times concerned Oilfields was also subject to California's general automobile financial responsibility law. That law is found in sections 410 through 423.1 of the Vehicle Code, . . . Sections 410-418.5 . . . cover the matter of establishing responsibility after an accident and an unpaid judgment, while sections 419-423.1 . . . provide for such a showing after the accident and before any judgment, all directly intended *for the benefit of drivers and owners of motor vehicles* as a means of forestalling suspension of the license of the driver and of the registration of the vehicle or vehicles, and, more fundamentally, designed to give monetary protection to that ever changing and tragically large group of persons who while lawfully using the highways themselves suffer grave injury through the negligent use of those highways by others. Such a law is remedial in nature and in the public interest is to be liberally construed to the end of fostering its objectives."

■■■ It is our view that the relevant statutes impose a standard of conduct upon those engaged in the business of writing public liability insurance and that plaintiff was one of those for whose benefit the legislation was enacted; that a violation of that duty exposed defendant to liability for such damages as might proximately flow from that violation;

but that where no policy coverage had been extended the damages flowing from such violation could not be measured by reference to such a policy. ▮ In this case the issue of actual damages was raised and presented a triable issue, so the summary judgment cannot stand. [ ]

[The recent case of *Dana* v. *Sutton Motor Sales* (1961) 56 Cal.2d 284 [14 Cal.Rptr. 649, 363 P.2d 881], has been cited on behalf of plaintiff. There defendants were automobile dealers who had sold a car to plaintiff under a conditional sales contract but had failed to give plaintiff notice as required by law (Veh. Code, former § 187, now § 5604) that the insurance policy on the car did not provide public liability coverage. The car was involved in an accident, and as plaintiff did not have the statutory coverage the Department of Motor Vehicles suspended his license and registration. Claims for personal injuries and property damages were also made against plaintiff, who then sought declaratory relief against the automobile dealers who had failed to notify him of the lack of liability coverage. The trial court gave judgment for *defendant dealers,* and in reversing this court held (1) that the subject section of the Vehicle Code (p. 287 [1]) ''furnishes a basis for tort liability based upon defendants' negligence in failing to perform the statutory duty imposed upon them by the section,'' and (2) that (p. 287 [6]) ''the remedy for a violation of the section (that is, the amount and extent of the coverage which the dealer should have procured)'' was not so uncertain as to make it impossible to impose civil liability under the section, inasmuch as ''full coverage'' was required and that meant ''the minimum statutory limits.''

The *Dana* case thus does not hold or suggest that a plaintiff who claims to have suffered damage as a result of an alleged violation by defendant of just *any* aspect of the security provisions of the Vehicle Code, even if entirely unrelated to the damage claimed, is entitled to judgment in the amount of ''the minimum statutory limits'' (as was rendered in favor of plaintiff in the case now at bench). The only proposition for which *Dana* is reasonably relevant to the instant case is that defendant may be held answerable for such amount of damage as can be proved to have been proximately caused by defendant's specific violation of the law. Neither do any of various cases from other jurisdictions cited by plaintiff appear to warrant an extension of liability against an insurance company to make it responsible for insurance it did not

write and was not paid for, and for damages it did not proximately cause. Accordingly, no useful purpose would be served by detailed discussion of such cases. It is, however, appropriate to note further in this connection that the automobile accident in which plaintiff in the case now at bench was injured occurred *before* defendant's alleged violation of the involved statutes and thus the injuries and damages proximately flowing from the *accident* were not caused by negligence of a driver whose operator's license, but for defendant's violation, would have previously been suspended. Damages which do suggest themselves as conceivably being causally related to defendant's omission might include such items as attorney's fees, expenses of action which might not otherwise have been incurred, etc. Such items, of course, would require proof and cannot in the absence thereof furnish the basis for a judgment, summary or otherwise.]

The judgment appealed from is reversed.

Respondent's petition for a rehearing was denied April 3, 1962.