No. 42,690

Anna M. Marley, *Appellee*, v. Clifford Lewis, *Appellee*, and Jersey Insurance Company of New York, a Corporation, *Appellant*.

(369 P. 2d 783)

Opinion filed May 5, 1962.

*J. Dwain Schmidt,* of Wichita, argued the cause, and *Milton Zacharias, Kenneth H. Hiebsch, Richard A. Render, Albert L. Kamas, Donald E. Lambdin* and *David G. Arst,* all of Wichita, were with him on the briefs for the appellant.

*Edmund R. Learned,* of Wichita, argued the cause, and *Payne H. Ratner, Louise Mattox, Payne H. Ratner, Jr., Cliff W. Ratner, James R. Barr, R. R. Barnes* and *Tyler C. Lockett,* all of Wichita, were with him on the briefs for appellee Marley.

The opinion of the court was delivered by

Jackson, J.: Appellee Marley sued appellee Lewis in the court of common pleas of Sedgwick county, alleging that the defendant had run a large truck into the back of plaintiff's automobile while plaintiff was stopped behind other cars at a stop sign. The truck belonged to the city of Wichita and defendant Lewis was an employee of the city.

It would appear that defendant Lewis defaulted and that on November 30, 1959, plaintiff recovered a judgment in the sum of $1,000 against Lewis. In due time, the judgment was certified from the court of common pleas to the district court, and thereupon writs of execution and garnishment were issued. The writ of garnishment was directed to the appellant Jersey Insurance Company and was designed to cover an insurance policy covering Lewis' personal Chevrolet. The insurance company in due time filed an answer to the garnishment and denied any liability on the insurance policy upon the ground that a certain exclusion clause in the policy provided that the insured would be covered when at work only if he were driving an automobile; and since insured Lewis had been driving a large cement mixer truck, he was not insured. Plaintiff Marley took issue with the answer of the garnishee insurance company, and alleged that at the time Lewis had reported his accident with plaintiff to the Motor Vehicle Department he had shown the policy above described on his Chevrolet and caused the department to issue a form SR 21 to the Jersey Insurance Company. The form SR 21 asked the insurance company to notify the department if the policy did not cover the above accident. The insurance company made no reply to the SR 21 form giving the impression that the policy was in effect and covered the above described accident.

The wording of the provisions of G. S. 1961 Supp., 8-729c, is as follows:

"(c) upon receipt of notice of such accident from the department, the insurance company or surety company named in such notice shall notify the

department in such manner as it may require in case such a policy or bond was not in effect at the time of such accident."

The plaintiff Marley now argues that the insurance company, having failed to assert the above described exclusion, is now estopped to assert it and must treat appellee Lewis as if the insurance policy fully covered Lewis as the named insured.

It is argued that holding the company liable will have the effect of making the Safety Responsibility Act more effective. The district court was in accord with this idea and entered judgment on the garnishment for plaintiff Marley.

The various decisions from sister states do not show that contracts can be made over and held for naught under statutes like our Safety Responsibility Act.

The following authorities would refuse to hold the insurance company liable even though it failed to reply to the SR 21: *Seaford v. Insurance Co.*, 253 N. C. 719; 117 S. E. 2d 733; *Hoosier Cas. Co. of Indianapolis, Ind. v. Fox*, 102 F. Supp. 214; *State Farm Mutual Automobile Ins. Co. v. West*, 149 F. Supp. 289.

Plaintiff relies especially upon the decisions of the Wisconsin Supreme Court and also cites and quotes from an interesting unreported federal decision applying the Arizona statute.

It will be noted that section 8-729c actually only requires the insurance company to reply if the policy was not in effect at the time of the noted accident. The wording of the Kansas SR 21 form tends to clear the matter a little.

The policy involved in this case was fully in effect at the time of the accident here involved. The only trouble was that the policy did not cover this accident because of the provisions of an exclusion clause.

The argument of the plaintiff is considerably overcome by defendant insurance company's reference to the case of *Pirc v. Kortebein*, 186 F. Supp. 621. The Pirc case is found in appellant's reply brief and is from the federal district court for the eastern division of Wisconsin. It cites and relies upon the recent case decided by the Supreme Court of Wisconsin, *Bean v. Kovacik*, 10 Wis. 2d 646, 103 N. W. 2d 899.

Both the federal court and the supreme court of Wisconsin held that where an accident came within an exclusion clause of an insurance policy that the insurance company might rely on the exclusion clause as a defense to the suit on the policy although it had

failed to answer the SR 21 form and advise that the accident was not covered because of the exclusion clause.

These two cases have the effect of destroying the application of plaintiff's Wisconsin authorities. They show that if this case at bar were before the Wisconsin court the insurance company might assert the exclusion clause and show that Lewis had no insurance covering the accident.

Under the authorities now at hand, plaintiff must fail to obtain her judgment against the insurance company, and the judgment of the court below must be reversed. It is hereby so ordered.

Robb, J., dissents.