**ROYAL INDEMNITY COMPANY,**
**Plaintiff-Appellant,**

v.

**Henry CLINGAN and Linda Clingan,**
**Defendants-Appellees.**

**No. 16538.**

United States Court of Appeals
Sixth Circuit.

Aug. 8, 1966.

As Amended Sept. 16, 1966.

Ray H. Moseley, Chattanooga, Tenn., for appellant, Noone, Moseley & Bell, Chattanooga, Tenn., on the brief.

Carter Schoolfield, Chattanooga, Tenn., for appellees, Schoolfield & Taylor, Chattanooga, Tenn., on the brief.

Before PHILLIPS and EDWARDS, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PHILLIPS, Circuit Judge.

The district court held that plaintiff-appellant, Royal Indemnity Company ("Royal"), is liable under an automobile accident insurance policy, and Royal has appealed. This action was filed by Royal for declaratory judgment and was tried before the district judge sitting without a jury.

Jurisdiction is based on diversity of citizenship. The law of Tennessee controls.

In its opinion, which is published in 238 F.Supp. 448 (E.D.Tenn.), the district court held that (1) the driver of the automobile at the time of the accident was not an insured under the policy because he was using the vehicle without the express or implied permission of the named insured, but that (2) Royal was estopped to deny coverage by reason of its failure to give affirmative notice of such denial to the Financial Responsibility Division of the Tennessee Department of Safety under the State Financial Responsibility Law, T.C.A. §§ 59–1201 to 59–1238. Both of these issues are presented on this appeal. We agree with the holding of the district court on the first issue and reverse on the latter.

### 1) Coverage Under Terms of Insurance Policy

Royal issued a standard form automobile insurance policy designating Mrs. Mabel R. McGee as named insured [1] and

---

1. The policy contained the following provision as to the insureds:

"The following are insureds under part I: * * *

"(1) The named insured and any resident of the same household.

"(2) Any other person using such automobile provided the actual use thereof is with the permission of the named insured * * *

"Under Part I 'named insured' means the individual named in Item I of the declaration * * * *"

describing a 1955 Chevrolet as one of the two insured vehicles under the policy. This car had been purchased by Mrs. McGee and the certificate of title was issued in her name as owner, but the car was purchased for the benefit of her unmarried minor son, Gene, who was living away from home. The minor son was making the deferred payments and it was contemplated that the legal title ultimately would be transferred to him.

The policy was issued upon the representation that Mrs. McGee was the owner and that the car would be driven by the son. Under the provisions of the policy, Mrs. McGee was the named insured.

While this policy was in effect, the son permitted one Robert Bluford to use the car to make a service call for Bluford's employer. While he was driving the car, Bluford was involved in an accident with a vehicle driven by appellee Henry Clingan, who was accompanied by his daughter, appellee Linda Clingan, both of whom received injuries. Judgment was rendered against Bluford in a State court for $5,185 in favor of Clingan and $10,000 in favor of Clingan's daughter.

A significant part of the factual determination made by the district court is the following:

"The facts in this regard were that Mrs. McGee purchased the automobile in her name for the use of her son as he was a minor, but that he was making the payments upon the car and would eventually become the owner of the car. Mrs. McGee gave specific instructions to her son that he was not to permit anyone else to drive the automobile.

" * * * At the time of the accident Bluford was driving the insured automobile unaccompanied and without the knowledge or permission of the named insured. He was upon a mission in which neither the named insured nor Gene McGee had any interest. Bluford had obtained permission from Gene McGee to use the car, however, representing that he was going on a service call for his employer, an automobile

parts dealer, such permission being given by Gene McGee contrary to the express instructions of his mother, the named insured in the policy." 238 F.Supp. 449–450.

■■ These factual findings are not clearly erroneous but to the contrary are supported by substantial evidence and therefore are controlling on this appeal. Rule 52(a), Federal Rules of Civil Procedure. Under the terms of the policy, coverage was limited to (1) Mrs. McGee, the named insured, and (2) persons using the automobile with her permission, either express or implied. Teague v. Tate, 213 Tenn. 269, 375 S.W.2d 840; American Automobile Ins. v. Jones, 163 Tenn. 605, 45 S.W.2d 52; Pollard v. Safeco Ins. Co., 52 Tenn.App. 583, 376 S.W.2d 730; Carr v. American Universal Ins. Co., 341 F.2d 220 (C.A.6). Also see other authorities to the same effect cited in the opinion of the district court, 238 F. Supp. 448, and Annotation 4 A.L.R.3d 10.

Not only was Mrs. McGee the named insured under the provisions of the policy; she also was the owner of the automobile under Tennessee Law, the certificate of title having been issued to her as owner. T.C.A. §§ 59–303, 59–314. Her status as named insured and as owner of the vehicle was not affected under Tennessee law by the fact that the car was purchased for the use of her minor son, who was making the payments, or the fact that it was contemplated that he eventually would become the owner. A transfer of ownership to the son would have required an assignment to him of the certificate of title. T.C.A. § 59–319.

We therefore agree with the holding of the district court that Bluford had neither the express nor the implied permission of the named insured to use the insured car at the time of the accident and that he was not covered as an additional insured under the terms of the policy.

2) The Question of Estoppel

We now turn to the second question raised on this appeal. The district court

held that, as to the appellees Henry Clingan and daughter, Royal is estopped to assert its noncoverage of the driver Bluford under the liability insurance policy because of its failure to advise the Director of the Division of Financial Responsibility of the State Department of Safety of its noncoverage.

The opinion of the district court contains the following summary of the facts on this issue:

"Upon December 19, 1963, Bluford filed an accident report and insurance coverage report, being Forms SR–1 and SR–21, with the Department of Safety, State of Tennessee, in compliance with the Financial Responsibility Law of this State. The plaintiff, Royal Indemnity Company, did not in any way participate in the filing of these forms. Thereafter, under date of January 14, 1964, the Director of the Financial Responsibility Division forwarded the SR–21 form to the plaintiff for confirmation of the insurance coverage. The letter of transmittal referred to the case as the 'Mabel R. McGee' case, but the SR–21 form enclosed reflected the fact that Bluford was the operator of the vehicle claimed to be insured. The letter of transmittal advised the plaintiff that 'Unless acknowledgement is submitted within ten days from the date of this letter, we will assume no coverage is in effect for any of these subjects.' However, actually the *reverse* of this was testified to as being the practice, the Supervisor of the Division of Financial Responsibility testifying that unless the insurance carrier affirmatively notified his office of any denial of coverage, coverage was assumed to be in effect. The plaintiff, by stipulation, acknowledged that it was aware that this 'negative approach' was followed. That such important business would be transacted by an official of the State and acceded to by insurance carriers in the manner testified to would be unbelievable were it not stipulated in the record. The plaintiff made no response to the Financial Responsibility Division, at least not until November of 1964 when it forwarded a copy of its letter to Bluford denying him coverage. The original of this letter had gone out to Bluford under date of January 27, 1964." 238 F.Supp. at 450.

In holding that Royal was estopped to assert its defense of noncoverage of Bluford because of its failure to advise State authorities of such noncoverage, the district court relied upon Behringer v. State Farm Mutual Auto. Ins. Co., 275 Wis. 586, 82 N.W.2d 915, and other Wisconsin cases (cited in 238 F.Supp. at 452); and certain language in an earlier district court opinion, Erwin v. State Farm Mutual Auto. Ins, Co., 232 F.Supp. 530 (E.D. Tenn.).

■ In passing upon the estoppel question, we are required to apply the law of Tennessee, Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. Unfortunately we are cited to no reported decision of an appellate court of Tennessee adjudicating this precise issue, and therefore we must exercise our best judgment as to how the Supreme Court of Tennessee would decide this question.

In its supplemental brief, Royal relies upon an unreported decision of the chancery court of Hamilton County, Tennessee, in the case of Edwin E. Penney et ux. v. National Surety Corp., rendered July 28, 1965, more than five months after the decision of the district court in the present case. In this case the chancery court, which is a State court of original equity jurisdiction, rejected the theory of estoppel under facts strikingly similar to those involved in the present case and expressly declined to follow the decision of the district court here under review. This opinion of the chancery court is attached hereto as Appendix A. It was stated during oral argument that no appeal was perfected from this decision and that the opinion of the chancery court is now final.

Although we are not bound in a diversity case by an unreported decision of a State court of original jurisdiction, King v. Order of United Commercial Travelers of America, 333 U.S. 153, 68 S.Ct. 488, 92 L.Ed. 608, we may give weight to this decision of the chancery court in determining what is the controlling law of Tennessee in the present case. Ibid., p. 160, 68 S.Ct. 488.

The Tennessee law of estoppel is summarized in Gibson's Suits in Chancery, § 77 (5th Ed. 1955) as follows:

"Sec. 77. *Estoppels, and Their Effects.*—Whenever A, by acts, words, or silence, intentionally causes or permits B to do a thing he would not otherwise have done, it would be manifestly inequitable for A, by repudiating the very conduct by which he induced B to act, and by setting up rights of his own, inconsistent with his said conduct, to compel B to incur a loss by undoing the very thing A's conduct caused him to do. Courts of Equity will not permit such inequitable action on A's part, and will not allow him to set up any claim inconsistent with those acts, words, or silence, of his, which induced B to do what he did. This doctrine of Equity is termed Estoppel; and when fully considered will be found to rest upon three maxims: (1) When one of two persons must suffer a loss, it must be borne by him whose conduct occasioned it; (2) No one can take advantage of his own wrong; and (3) He is not to be heard who alleges what is contrary to his former statement. It is also a principle of Equity that every person is bound to make good those intentional representations whereby he induces another to act; action and prejudice are essential."

While estoppel may be urged for the protection of a right, it can never create a right. Henry County v. Standard Oil Co., 167 Tenn. 485, 487, 71 S.W.2d 683, 93 A.L.R. 1483; McLemore v. Charleston & Memphis R. R. Co., 111 Tenn. 639, 663, 69 S.W. 338. Estoppel

are not favored in equity. Hume v. Commercial Bank, 77 Tenn. 728, 748.

The Tennessee Financial Responsibility Act is not a compulsory insurance statute. Blue Ridge Ins. Co. v. Haun, 197 Tenn. 527, 276 S.W.2d 711. It is in derogation of common law and will be strictly construed. "[I]t is not within the prerogative of the judiciary to provide additional remedies and safeguards." Turner v. Harris, 198 Tenn. 654, 663, 281 S.W.2d 661, 665.

We believe that the Supreme Court of Tennessee would reach the same conclusion as did the chancery court of Hamilton County in the opinion attached as Appendix A, upon the authorities therein cited, including State Farm Mutual Auto. Ins. Co. v. Hubbard, 272 Ala. 181, 129 So.2d 669; Fidelity & Casualty Co. of N. Y. v. McConnaughby, 228 Md. 1, 179 A.2d 117; Virginia Farm Bureau Mutual Ins. Co. v. Saccio, 204 Va. 769, 133 S.E.2d 268. This opinion was not available to the district judge at the time he rendered his opinion in this case.

It is to be emphasized that this is not a case where Royal was required to file or did file a certificate of insurance under T.C.A. § 59–1221. We do not have before us the question of whether or not an insurance company would be conclusively bound by a certificate of insurance filed with Tennessee authorities. The decision of the district court is predicated upon the failure of Royal to give affirmative notice of noncoverage, a thing which it was not required to do under the statute.

In the absence of an express statutory provision to that effect, we hold that the district court erred in applying the doctrine of estoppel in this case.

Reversed.

## ADDENDUM

After the opinion in this case was announced on August 8, 1966, there has come to the attention of the court the opinion of the Supreme Court of Tennessee in Herbert Michael Schultz v. Tennessee Farmers Mutual Insurance

Company, —— Tenn. ——, 404 S.W.2d 480 (June 8, 1966), which is in accord with our application of Tennessee law in this case.

## APPENDIX A

"EDWIN E. PENNEY, ET UX,
Complainants,

v.

NATIONAL SURETY CORPORATION,
Defendant.

No. 38695

IN THE CHANCERY COURT, PART 1,

Of Hamilton County, Tennessee.

CHANCELLOR'S MEMORAN-
DUM OPINION

This case presents an important problem in the administration and construction of the Financial Responsibility Law of Tennessee, T.C.A. Section 59–1201 et seq.

On May 21, 1963, Leonard E. Wordlow, Jr., while operating the automobile belonging to his father, Leonard E. Wordlow, Sr., had a collision with an automobile operated by complainant, Hilda Faye Penney, causing personal injuries to her and property damage to her husband, Edwin E. Penney, who was the owner of said automobile. Thereafter, complainants brought suits for damages in the Circuit Court of Hamilton County against the Wordlows, father & son, and on October 1, 1964, recovered judgments in the amount of $5,000.00 and $950.00, respectively, and costs totaling $62.00. These judgments remain unsatisfied.

At the time said accident occurred, the Senior Wordlow was the named insured in a policy of automobile liability insurance issued by defendant National Surety Corporation, but said policy specifically excluded from any coverage thereunder any liability resulting from operation of said automobile by Leonard Wordlow, Jr. Hence, no claim is made that complainants are entitled to recover upon the insurance policy contract. However, complainants in this suit contend that the defendant insurance company is liable to pay the Circuit Court judgments because it failed to deny coverage of said accident under its said policy when it failed to respond to a letter written to it by the Commissioner of Safety of Tennessee pursuant to the administration of the Financial Responsibility Act wherein said Commissioner notified the defendant of said accident and that the Wordlows were claiming that said policy provided liability coverage for said accident. The complainants claim that in failing to deny coverage in response to the Commissioner's letter the insurance company thereby admitted coverage of this accident and is estopped now to deny that such coverage existed.

Complainants rely principally upon certain opinions of the Supreme Court of Wisconsin and an opinion of the U. S. District Court for the Eastern Division of Tennessee by Judge Frank Wilson. On the other hand, defendant denies that any estoppel exists under Tennessee law upon these facts and for this position relies upon the language of the Financial Responsibility Act itself, upon the decisions of the Tennessee courts involving related matters and upon decisions of appellate courts of several other states. It is conceded by both sides that no decision directly in point has been rendered by the appellate courts of Tennessee.

Complainants rely primarily upon Behringer v. State Farm Mutual Automobile Insurance Co., 275 Wis. 586, 82

N.W.2d 915 and other Wisconsin cases and upon Royal Indemnity Co. v. Clingan et al., 238 F.Supp. 448 (E.D.Tenn.) wherein Judge Frank Wilson held upon facts similar to those here presented that the failure of the insurance company to deny coverage to the Commissioner created an estoppel under Tennessee law, which rendered the company liable to the same extent as it would have been had coverage actually existed. With all due respect, this Court is unable to agree with the reason and conclusions reached in the Wisconsin cases and by Judge Wilson in the Clingan case. The Tennessee Financial Responsibility Act is not a compulsory liability insurance act. Blue Ridge Insurance Company v. Haun, 197 Tenn. 527, 541, 276 S.W.2d 711. Furthermore, the Supreme Court of Tennessee has held that the courts are not at liberty to add penalties or remedies which are not provided by the Financial Responsibility Act, the same being a derogation of common law. Turner v. Harris, 198 Tenn. 654, 281 S.W.2d 661. The Tennessee act contains no provision requiring an insurance company to affirm or deny coverage under the circumstances here involved, and, obviously contains no provision that an insurance company should suffer a liability for which it has not contracted merely because it fails to deny coverage or affirms coverage of a particular accident when in fact no coverage exists. For the purpose of this decision, the Court is assuming that under the procedure outlined in the proof, the failure of the defendant insurance company to deny coverage in response to the letter from the Commissioner notifying it of the accident is equivalent to an actual affirmation to the Commissioner that coverage exists. However, the Court finds that no estoppel is thus created under the Tennessee law. No equitable estoppel exists because the complainants suffered their injuries before and in no sense in reliance upon the "misrepresentation" of the defendant company to the commissioner. Nor is there any basis for finding an estoppel by record or by deed. No other estoppel is recognized by Tennessee law. Denny v. Wilson County, 198 Tenn. 677, 281 S.W.2d 671. The doctrine of estoppel is available to protect a right but never to create one. Couch v. Couch, 35 Tenn.App. 464, 248 S.W.2d 327.

Most of the courts which have dealt with this question have held that the act of an insurance company in filing an SR 21 form, or in some other manner confirming insurance coverage of an accident, does not estop such company from thereafter disclaiming coverage where none exists under its policy. State Farm Mutual Automobile Insurance Co. v. Hubbard, 272 Ala. 181, 129 So.2d 669. Fidelity and Casualty Co. of New York v. McConnaughby, 228 Md. 1, 179 A.2d 117. Marley v. Lewis, 189 Kan. 658, 369 P.2d 783. Seaford v. Nationwide Mutual Insurance Co., 253 N.C. 719, 117 S.E.2d 733, 85 A.L.R.2d 496. Simmons v. Civil Service Employees Insurance Company, 57 Cal.2d 381, 19 Cal.Rptr. 662, 369 P.2d 262. Insurance Company of North America v. Atlantic National Insurance Co., 329 F.2d 769 (4 Cir. Va.) See also: Kurz v. Collins, 6 Wis.2d 538, 95 N.W.2d 365 (Indicating Wisconsin may have retreated). 7 Am.Jur.2d 299, Automobile Insurance, Section 7.

The defendant also presents the defense that its insured failed to notify the defendant of the filing of the Circuit Court suits as required by the policy and that the policy was thereby breached, even if coverage otherwise might be said to have existed. However, the Court finds that this latter defense was not borne out by the proof.

The Court finds no basis for imposing liability upon the defendant in this case. Solicitors for defendant shall submit a decree.

July 28, 1965.

/s/ Ray L. Brock, Jr.

CHANCELLOR—Part 1"