James Edwin FLOWERS and wife, Helen L. Flowers, Appellants,

v.

Joe R. WELLS, Kentucky Farm Bureau Insurance Companies, Kentucky Farm Bureau Mutual Insurance Company, and State Farm Insurance, Appellees.

Court of Appeals of Kentucky.

July 11, 1980.

**180**

James C. Milam, Russellville, for appellants.

William J. Rudloff, Bowling Green, for appellee, State Farm Ins. Co.

Before GANT, BREETZ and LESTER, JJ.

GANT, Judge.

Appellants brought this action against the appellees, alleging in part that the appellee, State Farm Insurance Company, did not issue "underinsured motorist coverage" which appellants allege is required by KRS 304.39–320. After the taking of depositions and filing of interrogatories and affidavits herein, a summary judgment was entered in favor of appellee, State Farm. The affidavits of the appellants were filed and considered by the lower court under peculiar circumstances, but this Court has considered the case on its merits.

The proof was that the policy of insurance issued by State Farm included liability insurance, comprehensive and collision coverage, uninsured motorist coverage, and no fault or personal injury coverage. No underinsured motorist coverage was provided. The affidavit of the appellants did not allege that it was requested but alleged, instead, that the appellants asked the agent for "full coverage." It is stipulated that the other motorist involved in the accident did not have sufficient insurance to cover the damages alleged by the appellants. The request for "full coverage" was denied by the agent, who deposed that the appellants requested "the cheapest thing he could get by with."

■ There being a dispute of fact, the burden is on the lower court to determine whether such fact is material and whether the movant is entitled to judgment as a matter of law. CR 56.03. All doubt shall be resolved against the movant. *Rowland v. Miller's Adm'r*, Ky., 307 S.W.2d 3 (1956). Thus, in essence, we are called upon to decide whether a request for "full coverage" includes a request for that coverage provided by KRS 304.39–320. This statute reads as follows:

> Every insurer shall make available upon request to its insureds underinsured motorist coverage, whereby subject to the terms and conditions of such coverage the insurance company agrees to pay its own insured for such uncompensated damages as he may recover on the account of injury due to a motor vehicle accident because the judgment recovered against the owner of the other vehicle exceeds the policy limits thereon, to the extent of the policy limits on the vehicle of the party recovering less the amount paid by the liability insurer of the party recovered against. His insurance company shall be subrogated to any amount it so pays, and upon payment shall have an assignment of the judgment against the other party to the extent of the money it pays.

It is the opinion of this Court that the statute clearly sets out underinsured motorist coverage is optional and not mandatory. When we contrast KRS 304.39–320 with the provisions of KRS 304.20–020(1), the latter respecting uninsured motorist coverage, no other conclusion is possible. The uninsured motorist statute mandates that no liability policy shall be delivered or issued unless it contains a provision for uninsured motor-

ists. The language of KRS 304.39–030 (basic reparations benefits) and KRS 304.39–110 (tort liability) is equally mandatory. The legislature obviously could have made underinsured coverage mandatory but elected to require it to be furnished only "upon request."

■ Having determined that underinsured motorist coverage is optional, we must determine whether a request for "full coverage" would constitute a request for such optional insurance. It is our opinion that it does not. There are numerous optional coverages available. For example, upon payment of additional premium, higher limits may be provided; coverage for various deductible amounts on collision insurance; reimbursement for car rentals while your car is being repaired; reimbursement for towing and labor; accidental death and dismemberment can be included; theft of radio and sound equipment coverage is available; reimbursement for loss of wages during disability is another option, etc. We cannot conceive that a request for "full coverage" would include all or even any optional coverages, unless specifically requested.

■ We hold that "full coverage," as used in relation to automobile or motor vehicle insurance, means insurance in such amount and for such coverage as is made mandatory by statute. *Cf. Dana v. Sutton Motor Sales*, 56 Cal.2d 284, 14 Cal.Rptr. 649, 651, 363 P.2d 881, 883 (1961).

The judgment is affirmed.

All concur.